### William Wyckoff v. Luke B. Wyllis.

One engaged in a business which would entitle him to claim a team as exempt from execution, has a right, at his option, to select instead thereof other property to the value of $250, necessary to enable him to carry on the same business, though without a team he would be obliged to change entirely the mode of conducting the business.

It is the duty of an officer levying an attachment on the stock in trade of a judgment debtor, to have an inventory and appraisal made out, and permit the debtor to select out the amount exempt from execution; and, on the debtor failing to do so, to make the selection for him. And, if the officer neglect this duty, he is liable to the debtor for the value of the property exempt.

*Heard January 7th. Decided January 9th.*

Error to Jackson Circuit.

Wyllis sued Wyckoff, who is Sheriff of Jackson County, in trover, and declared for the conversion of a span of horses, a harness and wagon, and a peddler's stock of goods, which Wychoff had taken by virtue of an attachment against the goods and chattels of Wyllis. The case is sufficiently stated in the opinion.

*Johnson & Higby,* for plaintiff in error.

*Blair & Gibson,* for defendant in error.

Campbell J.:

The case finds that the plaintiff in error, as sheriff of the county of Jackson, seized upon all the personal property of the defendant, consisting of horses, wagon and harness, which were necessary to enable him to carry on his busi-

ness of peddling, and his stock of goods used in that business, amounting together to $2,389 97. It is not found that any appraisal was made, or notice given to the defendant of the levy, or any selection made by the sheriff of any goods or property as exempt for the defendant. The horses were found to be worth $275, the wagon $180, and the harness $20. The court below, upon an action brought by the defendant in error, rendered judgment in his favor for $250, the amount to which an exemption is allowed for articles to enable a debtor to carry on his business.

It is claimed by the plaintiff in error, that there can be no exemption of a team, a wagon, or harness, separately under this finding, on the ground that all were found to be necessary, and not a part only. We think there is no force in this objection. The statute exempts any articles whatever necessary to enable a person to carry on the business in which he is principally engaged, so long as the articles set apart do not exceed $250 in value. The defendant, if he had been afforded the opportunity, might have selected that amount either in goods or in such of his other property mentioned as he pleased. He may select a single horse, or a wagon, as well as a double team with or without a wagon. And he might prefer to save a small stock of merchandise, to carry on his peddling business on a lighter scale without a wagon.

We held in *Elliott v. Whitmore*, 5 *Mich.* 532, that it it was the sheriff's duty on the levy of an execution upon goods, a portion of which were exempt by law, to have an inventory and appraisal made out, and permit the defendant to select, or, on his neglect, to select for him property to the amount allowed by law; and that, failing in this duty, he was liable to an action.—2 *Comp. L. p.* 1212, §§ 4466, 4467. We think the duty of the officer is equally clear under the attachment law. The writ is issued commanding the seizure only of such property as is exempt from execution. Upon seizing property the officer is requir-

WYCKOFF v. WYLLIS

ed by sections 4747, 4748, (*Comp. L.* 1270) to make an inventory and serve a copy of it, with a copy of the writ, upon the defendant if he is found in the county, and to have an appraisement of the property made by two disinterested freeholders. The inventory and appraisal conform precisely to those required upon a levy under execution; and when these are made, the sheriff can have no difficulty in setting apart the requisite amount, in case the debtor fails to do so. There is no evidence before us that the debtor was ever notified of the levy as required by law; but had he been notified, his default to select does not destroy the exemption, but merely leaves the selection of property to be made by the sheriff. Had the attachment law failed to provide for an inventory and appraisal, we are not prepared to say how far the analogies of an execution levy would apply. But we see no difficulty in the way, when those means are afforded to enable any one to select articles of the proper value.

There was no error in the judgment, and it must be affirmed with costs.

MARTIN CH. J., and MANNING J. concurred.

CHRISTIANCY J., was absent.