EPHRAIM B. TOWN v. OLIVER ELMORE.

*Execution levy.*

An execution levy upon property of which a certain amount is exempted by law, is invalid if the inventory required by statute has not been made, and the defendant allowed to select from it the amount exempted.

Error to Van Buren. Submitted January 24. Decided January 29.

TROVER. Defendant brings error.

*George W. Lawton* for plaintiff in error.

*Lester A. Tabor,* for defendant in error.

COOLEY, J. Town, having in his hands two executions against Elmore for service as constable, levied the same on stock in a foundry and machine shop which were being carried on by Elmore. Without having any inventory of this stock made, or taking any steps to enable Elmore, if he claimed any part of it as exempt from execution, to have the same set off, Town proceeded to make sale thereof. Elmore then brought suit in trover.

The statute provides that there shall be exempt from levy and sale under any execution, or upon any other final process of a court, "the tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars." It then proceeds to say that when a levy is made upon property of any class or species which is exempt by law from execution to a specified amount or value, the officer shall make an inventory of the whole of such property belonging to the defendant in the execution, and cause the same to be valued by

appraisers on oath, and that the defendant may then select from the inventory the amount or value exempted by law from execution.

It was contended on behalf of the constable that if he left in possession of the judgment debtor, stock to the amount of two hundred and fifty dollars, he could not be liable for a failure to cause what he did levy upon to be inventoried and appraised; and a distinction was taken between a levy on tools, implements, team, etc., in respect to which it is always supposable the debtor may have a choice which would be important to him, and a levy on a part of the stock in trade or business, one part of which may be assumed to be as desirable for the debtor's purposes as any other part. But the statute affords no ground for such a distinction, nor does any exist in reason. By the statute the same right of choice is given in all the enumerated cases, and this is perhaps as likely to be valuable in the case of stock as in the case of tools, team, etc. There is no doubt the plaintiff was entitled to maintain his action. *Elliott v. Whitmore,* 5 Mich., 532; *Wyckoff v. Wyllis,* 8 Mich., 48.

Elmore gave evidence that the property levied upon and sold was of the value of $800, and there seems to have been no attempt on the part of the defendant to show that the value was less than the amount exempt. The circuit judge instructed the jury that as Elmore had had no opportunity to make his selection, he was entitled to their verdict for the sum of $250. It is insisted that this was erroneous and that he should have expressly limited the recovery to the value of the property, as the jury might find it to be, not exceeding $250. This would have been a very proper restriction, and probably the judge would have put his instruction in that form had his attention been specially called to the point now made; but as the jury under the evidence must have found the value to be $250 and over, the defendant was not wronged.

As the circuit judge placed upon the statute the same construction which is given above, and no error in any

other particular is discoverable, the judgment must be affirmed with costs.

The other Justices concurred.