SILAS P. HUTCHINSON v. ANCIL K. WHITMORE.

*Pleading—Trover—Exempt property.*

1. In trover against a sheriff for the conversion of exempt property seized on execution, an allegation in the declaration that the defendant, by his deputy or agent, naming him, did convert and dispose of the property, is sufficient to show that the deputy was acting under the defendant as sheriff.

2. In such a case the usual declaration in trover is sufficient to

enable the plaintiff to show the facts essential to a recovery, the contrary doctrine announced in *McCoy v. Brennan,* 61 Mich. 362, being regarded as *obiter.*

3. Under How. Stat. § 7686, subd. 8, which exempts from sale on execution the "tools, implements, materials, *stock,* apparatus, team, vehicle, horses, harness, or other things to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value $250," a farmer can claim such exemption from hay, oats, corn, a yearling steer, a heifer, two spring calves, and a quantity of clover seed and cornstalks on his farm at time of the levy, exceeding in value said exemption.

Error to Lenawee.   (Lane, J.)   Argued January 14, 1892.   Decided February 5, 1892.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*S. P. Hutchinson,* in *pro. per.*

*Salsbury & O'Mealey,* for defendant, contended:

1. The declaration failed to make a case, because:

   *a*—It did not aver that plaintiff was, at the time of the levy, a householder, and therefore entitled to exemptions on that account.

   *b*—It did not aver that at the time of the levy plaintiff had any of the property mentioned in subdivision 8 to enable a person to carry on the business in which he is principally engaged, and no such property is described in the declaration.

   *c*—Consequently plaintiff is not entitled to any of the exemptions mentioned in subdivision 9.   Simply referring to the statute is not enough, but plaintiff should have counted specially, setting forth the facts, if any there were, showing that the property was exempt, and which, if admitted, would have enabled the court to determine what was exempt to the plaintiff, and why; citing *McCoy v. Brennan,* 61 Mich. 362, 367.

2. The exemptions of subdivision 9 extend only to so much hay, grain, feed, etc., as is necessary for keeping such exempt animals as the debtor has at the time of the levy; citing *King v. Moore,* 10 Mich. 540; and plaintiff had no such animals, and therefore the testimony offered by plaintiff was incompetent and immaterial, because upon the theory on which it was

offered, and which it tended to support, the declaration failed to state a cause of action; citing *McCoy v. Brennan*, 61 Mich. 362; and this point can be raised by an objection to the introduction of evidence; citing *Stoflet v. Marker*, 34 Mich. 313.

3. Where plaintiff's *status* is such that he cannot claim exemptions, he cannot complain that no inventory or appraisal was made; citing *Ferguson v. Washer*, 49 Mich. 390; and if a sale has been made for an inadequate price, the debtor should move to set it aside; citing *Blair v. Compton*, 33 Mich. 422.

4. Plaintiff was not entitled to any of the property mentioned in subdivision 8, because he does not aver that the execution was not issued upon a judgment for the purchase money of the same property; citing How. Stat. §§ 7715, 7716; *McCoy v. Brennan*, 61 Mich. 362.

LONG, J. The court directed verdict and judgment in favor of the defendant. Plaintiff brings error.

The objections upon the trial relate to the form and substance of the declaration. The first count of the declaration is as follows:

"Silas P. Hutchinson, plaintiff in this suit, complains of Ancil K. Whitmore [sheriff of said county for the year 1887], defendant in this suit, who has been duly summoned to answer the plaintiff in a plea of trespass on the case, for that; whereas, to wit, on or about the 2d day of November, 1887, in the township of Woodstock, in said county, said plaintiff was lawfully possessed as of his own property of the following goods and chattels, viz., 18 tons of tame hay, about 200 bushels of oats, about 400 bushels of corn in the crib, on the farm of said S. P. Hutchinson, the undivided $\frac{1}{2}$ of 300 bushels of corn in the crib on said farm, 6 tons of marsh hay in shed and stack on said farm, 1 red yearling steer, one black and white heifer, two spring calves, about 75 bushels of oats in the mill of Sanders & Son in said Woodstock, the undivided $\frac{1}{2}$ of all the clover seed on the premises of George Bowen in said Woodstock, about 1,500 bundles of cornstalks, all of great value,—of the value of $300 (three hundred dollars). And, being so possessed thereof, the said plaintiff afterwards, to wit, on or about the day and year above named, and at the place last aforesaid, casually lost the said described

90 MICH.—17.

goods and chattels and other property out of his posses-
sion, and the same afterwards, to wit, on the same year
and day last aforesaid, and at the place aforesaid, came
into the possession of the defendant, or his deputy or
his agent, one James C. Morley, by finding; yet said
defendant, well knowing the said above-described property
to be the property of the said plaintiff, and of right to
appertain to and belong to him, the said defendant has
not as yet delivered the said above-described property, or
any part thereof, to the said plaintiff, although often
requested so to do, and hath hitherto wholly refused so
to do; and on or about the same year and day last afore-
said, and at the place aforesaid, the said defendant did
by his deputy or agent, the said James C. Morley, con-
vert and dispose of the said above-described goods and
chattels and other property to his own use, to the dam-
age of the plaintiff of $300 (three hundred dollars),
[Which said goods and chattels said plaintiff then and
there owned, needed, and used in his business, which
was that of farming, which said farming business was
his principal business during the year 1887, and for
several years previous thereto.]   And the said conversion
and sale of said goods and chattels was contrary to the
provisions of sections 25, 27, 28, 29, 30, and 31, chapter
266, of Howell's Annotated Statutes of the State of
Michigan, [relative to judgment and the levy of execu-
tions,] whereby the said goods and chattels were eventu-
ally lost to the said plaintiff, and by means thereof, of
the loss of the use of the same in his business thereof,
he was greatly and further injured and damnified to his
damage $300 (three hundred dollars)."

The second count of the declaration refers to the first
count for a description of the property, and alleges the
plaintiff's possession of it, and that it was seized and
taken out of his possession by the deputy or agent of
the defendant, who pretended to seize and take it by
virtue of an execution issued out of the circuit court for
the county of Lenawee, covering the goods and chattels
of the plaintiff and Charles E. Gunn and Oliver P. B.
Gunn, October 8, 1887, said execution being in favor of
Frank Boss.   This count further charges that it was the

duty of the defendant or his deputy to make an inventory of the property seized, and to have the same appraised, and to permit or allow the plaintiff to select for himself such of the property as was exempt by law from sale on execution; that the defendant wholly failed and refused to allow such selection to be made, though the goods and chattels seized were of the nature which by the law were exempt from sale on execution.

Upon filing this declaration the defendant pleaded the general issue, and gave notice, among other things, that the defendant, during the year 1887, was sheriff of Lenawee county. The notice than recites the judgment in favor of Frank Boss, and against the plaintiff and Charles E. Gunn and Oliver P. B. Gunn, and the issuing of the execution thereon, and the placing of such execution in the hands of his deputy, James C. Morley, for service; and that, if any of the acts complained of in the declaration were done, it was by virtue of said execution in seizing and levying upon the goods described in plaintiff's declaration.

The cause came on for trial in the Lenawee circuit court before a jury, and the counsel for plaintiff made his opening statement to the jury, in which he claimed and stated that the case before them was one of trover, in which plaintiff claimed certain property as the owner thereof, which was seized and taken from him by Mr. Morley while acting as a deputy-sheriff under Ancil K. Whitmore, who was then sheriff of Lenawee county, and he, Morley, claimed to have acted under a writ of execution issued out of the circuit court for the county of Lenawee upon a judgment entered in said county against plaintiff and in favor of Frank Boss; that the principal business of the plaintiff at the time was that of farming, and that this property, under the law, was exempt from seizure on execution against the owner; and that said

Morley did not permit the plaintiff to select his exemptions, or set them out to plaintiff. No other claim was made except such as arose from such seizure.

The plaintiff was then called as a witness in his own behalf, and testified that during the years 1885, 1886, and 1887 his principal business was that of a farmer. He was then asked what property he had upon his farm in the year 1887. This was objected to for the reason that the declaration did not allege that the defendant was sheriff of Lenawee county at that time. This objection was sustained, and the court permitted the plaintiff to amend his declaration; and the first count of the declaration was amended by the insertion of the words inclosed in brackets. Upon his amendment being made, the court permitted the plaintiff to testify that he had upon the farm at that time the property seized and taken from him under the execution. The plaintiff also testified that Mr. Morley was a deputy-sheriff of Lenawee county at that time. Plaintiff's counsel thereupon offered to show by the witness that the property mentioned in the declaration was taken by virtue of an execution by Mr. Morley; that he was deputy-sheriff, acting under the defendant as sheriff of Lenawee county; and that the plaintiff demanded the property as exempt, within the term "stock," as used in the eighth subdvision of section 27, chap. 266, How. Stat.,—that is, stock on the farm,— and that it was exempt to the plaintiff for that reason. The court refused to permit this testimony, for the reason, as stated, that the declaration did not make a case for the recovery of exempt property seized upon execution. Exception was taken to this ruling. The plaintiff thereupon rested his case, and, the defendant offering no testimony, the court directed a verdict in favor of the defendant.

The only question for consideration is whether the

declaration states a cause of action for recovery of property which is exempt by statute from sale under execution. Section 27 (How. Stat. § 7686) provides:

" The following property shall be exempt from levy and sale under any execution, or upon any other final process of a court:

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"*Eighth.* The tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars."

The contention upon the part of defendant's counsel in this Court is—

1. That the declaration does not state that the deputy holding the execution and levying it was the deputy acting under the defendant as sheriff of Lenawee county.

2. That the declaration does not state and show that the property levied upon and taken is of such a character that it would be exempt from sale on execution, under subdivision 8, above quoted.

The first point need not be discussed. It is stated in the declaration that the defendant, by his deputy or agent, James C. Morley, did convert and dispose of the said above-described property to his own use. This was a sufficient statement in the declaration to charge the defendant.

Upon the second point raised counsel rely upon the case of *McCoy v. Brennan*, 61 Mich. 362, in which it was stated by Mr. Justice CHAMPLIN that the plaintiff should have declared specially, setting forth the facts which showed the property exempt, and that the property was converted contrary to the provisions of the statute giving her the exemptions, referring to the same. The real question in controversy in that case was whether, inas-

much as one of the partners had drawn from the firm assets $1,000 for her individual use, she could claim the statutory exemption out of the goods levied upon belonging to the partnership. It was held that this fact was not available to the defendant; that the dealings and adjustment between partners, or between partners and creditors, cannot be inquired into in such a collateral proceeding, and that the exemption of a partner does not depend upon whether he has drawn out more than his share of the firm assets; that such question can only be reached by an accounting and winding up of the copartnership in equity. What was said in that case in reference to the declaration must be regarded as *obiter*.

In *Wyckoff v. Wyllis*, 8 Mich. 48, the suit was commenced by ordinary declaration in trover. The plaintiff was permitted to recover, as was the plaintiff in the case of *Stilson v. Gibbs*, 46 Mich. 215. We think the plaintiff had a right to introduce his testimony offered under either count of the declaration; but if the declaration had been in trover, in the usual form of such declarations, plaintiff would have had the right to show the facts necessary for a recovery for such property as under the statute is exempt from levy and sale on execution. It is the duty of an officer making a levy upon goods, any portion of which are exempt by law, to have an inventory and appraisal made, and permit the debtor to select, or, upon his neglect, to select for him, property to the amount allowed by law. Failing in this duty, the officer is liable to an action. *Wyckoff v. Wyllis, supra*.

Of course, it is not the duty of an officer in levying upon property, no part of which is exempt under the laws, to make an inventory and appraisal, and call upon the defendant to make selection or to set out any exemptions; but, where a part of the property is exempt, it has

been held repeatedly by this Court that it is the duty of the officer to make the inventory, and see that the exemptions are set out.

The principal question in controversy here resolves itself into this: Was any of the property levied upon exempt from sale under the claim made by the declaration? The declaration sets forth that the plaintiff's principal business was that of farming, and the property levied upon and taken consisted of hay, oats, corn, a yearling steer, a heifer, two spring calves, some clover seed, and a quantity of cornstalks, amounting in all, according to the appraisal made upon the execution, to the sum of $442. This, according to the testimony of the plaintiff, comprised about all the property then upon his farm. Out of this we are satisfied the plaintiff had a right to select from the appraisal $250 worth. Constitutional and statutory provisions exempting property from execution are remedial, and are to be construed liberally and beneficially for the debtor. One engaged in any trade or occupation is entitled to an exemption, to be selected out of his stock in trade; and there is no more reason for holding such a stock exempt from levy and sale than in holding $250 worth of the property here described as necessary to the plaintiff in his business of farming, under subdivision 8, § 27, above quoted. The court was in error in refusing to permit the plaintiff to show that his principal business was that of a farmer, what property he had upon the farm, and the necessity of this property, or any portion of it, to enable him to carry on his business of farming.

The judgment must be reversed, with costs, and a new trial ordered.

MORSE, C. J., McGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.