HOLTON *v.* MOODY.

WOLF *v.* HOLTON.

1. EXECUTIONS—SALE BY SEPARATE PARCELS.
   2 How. Stat. § 6116, provides that at an execution sale of several known lots, tracts, or parcels of land, they shall be separately exposed for sale.  *Held*, to contemplate a sale by lots or government additions.

2. SAME—MOTION TO SET ASIDE SALE.
   Where separate tracts are erroneously sold under execution as one parcel, the execution debtor may, by a motion in the same case, cause the sale to be set aside.

3. SAME—UNNECESSARY APPEAL—COSTS.
   Though an execution sale of land was set aside on the appeal of the execution debtor, the appellant was disallowed his costs, it appearing that his rights might have been as effectively, and more cheaply, protected by redeeming from the sale.

*Certiorari* by Thomas Holton to review the action of Sherman B. Daboll, circuit judge of Gratiot county, in refusing to set aside certain sales of real estate upon executions issued against petitioner in suits instituted, respectively, by petitioner against Silas Moody, and by Martin Wolf against petitioner. Submitted June 7, 1898. Reversed June 14, 1898.

*Newell Leonard*, for petitioner

*J. L. Potts*, for Silas Moody.

*John T. Mathews*, for Martin Wolf.

MONTGOMERY, J.   These two cases present substantially the same questions.   It is sought in each to review by *certiorari* the action of the circuit court in refusing to set aside a sale of real estate on execution.   In each case a large number of technical objections are taken to the

117 MICH.—21.

proceedings, relating to the time and order of filing the return of the sheriff, and the evidence of posting notices, etc. It is enough to say that when the cases were before the court there was evidence that each step required to be taken by the sheriff was taken within the time required by statute, and that all the proceedings which are designed as safeguards to the rights of execution debtors were taken, unless it shall be held that the sheriff was in error in selling the land as one parcel, or that the plaintiff in *certiorari* has a right to complain that land occupied as a homestead was included in the sale.

Section 6116, 2 How. Stat., provides that when any real estate offered for sale by virtue of any execution shall consist of several known lots, tracts, or parcels of land, such lots, tracts, or parcels shall be separately exposed for sale, and no more of such tracts or parcels shall be exposed than shall appear necessary to satisfy the execution, with the costs and expenses of such sale. In the case of *Holton* v. *Moody* the land sold consisted of a quarter section of land. In the *Wolf Case* the land sold consisted of the same quarter section, and another 20 acres of land adjoining it on the north, and another 60 acres separated from the quarter section by an intervening space of 1 chain and 39½ links. This court never has determined whether, under this section of the statute, separate 40-acre tracts shall be sold separately, or whether contiguous tracts shall be treated as one parcel; at least, this has not been determined by construction of this section. In *Geney* v. *Maynard*, 44 Mich. 578, it was held that a party might so deal with parts of separate tracts as to constitute parts of two platted lots one parcel. See, also, *Gleason* v. *Hill*, 65 Cal. 17. In *Larzelere* v. *Starkweather*, 38 Mich. 104, it was held that the word "distinct," as used in the statute relating to sales on mortgage foreclosure, means separate or different; not the same. The mortgage statute (2 How. Stat. § 8503) uses the term "distinct farms, tracts, or lots not occupied as one parcel." This statute refers to "several known lots, tracts, or parcels." We think there

is a distinction between these two statutes which leads to the conclusion that section 6116 contemplates a sale of land by lots or government additions when a sale is made on execution. The failure to follow the statute is an irregularity which will not be fatal to a sale in collateral proceedings. *Hoffman* v. *Buschman,* 95 Mich. 538. But the execution debtor may, by a motion in the same case, cause the sale to be set aside. *Cavenaugh* v. *Jakeway,* Walk. Ch. 344, and cases cited in note.

There is a feature of this proceeding which we cannot permit to pass unnoticed. The appellant has appeared before this court in the proceedings out of which these judgments arise many times. The amount involved is trifling, and it is perfectly manifest that this appeal to the court is not made because appellant's rights are jeopardized, as it would be much cheaper to redeem from the sales than to incur the expense of this court. For this reason, while we feel constrained to set the sales aside, the order will be made without costs in either court.

The other Justices concurred.