### In re MULLEN.

#### (District Court, D. Maine. September 1, 1905.)

#### No. 4,740.

BANKRUPTCY—EXEMPTIONS—TOOLS OF OCCUPATION.

A bankrupt, who is a professional guide for hunters and fishermen, and as such registered under the laws of Maine, is entitled to the exemption of a canoe as a tool of his trade or occupation, under Rev. St. Me. c. 83, § 64, par. 6; but a rifle does not come within such exemption.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 660, 664; vol. 23, Cent. Dig. Exemptions, §§ 47, 56, 57.]

In Bankruptcy. On certificate from referee.

Aubrey L. Fletcher, pro se.
Charles W. Hayes, for bankrupt.

HALE, District Judge. This case comes before me on the certificate of John F. Sprague, Esq., one of the referees of this court. The certificate shows that the trustee in bankruptcy filed a petition praying for authority to sell a portion of the bankrupt's estate at private sale, and among the articles so specified were one canoe and one rifle. It appears that at the hearing before the referee counsel for the bankrupt objected to the sale of the canoe and rifle, claiming that they are exempt from attachment and seizure on execution by virtue of the statutes of Maine. Whereupon the referee made an order exempting the canoe, but refusing to exempt the rifle. Section 6 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), relative to exemptions of bankrupts, provides that the act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition. Section 64, par. 6, c. 83, of the revised statutes of the state of Maine, provides for the exemption of "the tools necessary for his [the debtor's] trade or occupation * * * not exceeding fifty dollars in value." In applying exemption laws of the several states, the federal courts in bankruptcy cases adopt the construction announced by the highest court of the state the statute of which is involved. Gunn v. Barry, 15 Wall. 621, 21 L. Ed. 212; In re Stevenson, (D. C.) 93 Fed. 789; Loveland on Bankruptcy (2d Ed.) p. 423, and cases cited. The Supreme Court of Maine, in construing the statute regarding the registration of guides, in State v. Snowman, 94 Me. 112, 46 Atl. 818, 50 L. R. A. 544, 80 Am. St. Rep. 380, has said:

"It is well known that most sportsmen who frequent remote streams and lakes, and traverse the trackless forests, which cover large portions of the state, do so under the guidance and direction of guides. Guides may be regarded as instrumentalities in fishing and hunting. Guides should possess such skill, experience, sagacity, and probity that not only the safety of the sportsman but the welfare of the state can be properly intrusted to them. They should be under such restrictions that it shall be for their interest to discountenance violation of the fish and game laws. The Legislature has deemed it wise to create such a body of men, who shall pursue such vocation under the supervision of the commissioners of inland fisheries and game, and shall assist the commissioners in protecting and preserving the property of the state."

It may be assumed that the bankrupt in this case belonged to the body of men thus described by the court of Maine, and therefore that he was one of the "instrumentalities in fishing and hunting" referred to by the court. I think the referee is correct in holding that:

"The canoe is necessary for the guide in performing his work while acting for fishing parties, and his service in guiding hunters is of such a nature that without it he could not take them over the vast stretches of water in the wilderness of northern Maine, and effect satisfactory results in his business."

I confirm the holding of the referee that the canoe is a tool or instrument of use and service, which should be exempt under the statute of Maine and under the bankruptcy act. I do not find that a canoe is enumerated in the bankrupt's schedules, but I assume that the referee has before him an amended schedule or some other evidence formally bringing to his attention the fact that the canoe is a part of the estate, and is of a value not exceeding $50. It must be observed here that the schedules ought to contain a careful enumeration of everything in the estate, whether or not any exemption is claimed in reference to any article enumerated.

I also sustain the ruling of the referee holding that the rifle cannot be exempt as being an implement necessary in the business of guiding. While the court of Maine has held that the "safety of the sportsman" is intrusted to the guide, I do not think it is the intention of the court to hold that it is a part of the duty of the guide to protect the sportsman by means of a rifle from the attacks of wild beasts or from other physical force in the wilderness. I therefore fully sustain the referee in his finding in the premises, and confirm his order that the trustee amend his report on exempted property by adding thereto one canoe, valued as described in said schedule. I assume, as I have said, that such value does not exceed $50.