CHURCH v. FIRST NATIONAL BANK.

1. EXEMPTIONS—HALF INTEREST IN BOAT.
   Where owner of half interest in boat was using same in earning living he was entitled to exemption of $250 from levy and sale under execution (3 Comp. Laws 1915, § 12858, subd. 8, 3 Comp. Laws 1929, § 14578).

2. SAME—WAIVER.
   Right of exemption in property may be waived in event of levy and execution sale.

3. SAME—LIABILITY OF OFFICER FOR SELLING EXEMPT PROPERTY.
   Officer who sells exempted property, or judgment creditor for whom sale is made, is liable to owner for resulting damages.

4. SAME—SALE OF EXEMPT PROPERTY VOIDABLE.
   Sale of exempt property under levy and execution is not absolutely void, but at most is only voidable, depending on surrounding circumstances.

5. SAME—WAIVER—LACHES—ESTOPPEL.
   Since right of exemption in property may be waived, its assertion after sale under levy and execution may be prevented by such laches as work estoppel.

6. SAME.
   Where neither judgment debtor nor his assignee did anything to enforce right of exemption nor to cancel sale under execution for nearly year after sale and until after chattel mortgage foreclosure, assignee is estopped by laches from questioning validity of said sale.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted June 5, 1931. (Docket No. 118, Calendar No. 35,533.) Decided October 5, 1931.

Assumpsit by Philetus S. Church, as assignee, against First National Bank and others for share in

surplus of sale on foreclosure of chattel mortgage. Judgment for defendants. Plaintiff appeals. Affirmed.

*E. S. B. Sutton* (*Albert E. Sharpe,* of counsel), for plaintiff.

*McDonald & Kaltz,* for defendants.

NORTH, J. The facts here involved are stipulated. In May, 1927, plaintiff's assignor, Jesse Church, owned a one-half interest in a boat subject to a chattel mortgage held by the defendant bank. At that time Margaret Seaman was a judgment creditor of Jesse Church to the amount of $889.25. She caused execution to be levied on his interest in the boat and at the execution sale she purchased the same for $100. Jesse Church and his attorney were present at the sale and claimed Church was entitled to an exemption of $250. 3 Comp. Laws 1915, § 12858, subd. 8 ($350 by 1929 amendment [3 Comp. Laws 1929, § 14578]). They demanded that the sheriff and deputy sheriff, who had charge of the sale, should make an inventory and appraisal of the property about to be sold, and that the right of Church to an exemption be respected. The sheriff and his deputy ignored Church's claim. About two months thereafter Jesse Church by a bill of sale transferred all his title and interest in the boat to the plaintiff herein, Philetus S. Church.

Nearly a year after the execution sale defendant bank foreclosed its chattel mortgage, and at the sale received for the boat $895.12 in excess of the amount due. One-half of the amount received in excess of the chattel mortgage debt was paid to Earl Bailey, the owner of the other one-half interest in the boat. The remaining one-half of the excess received at the

sale ($447.56) was paid to or retained by the purchaser, Margaret Seaman. She and the defendants claimed she was entitled to this money because of her having purchased Jesse Church's interest in the boat at the execution sale. Plaintiff, as assignee of Jesse Church, claims that this $447.56 should have been paid to him, and he brought this suit therefor. On trial before the court without a jury, defendants had judgment. Plaintiff appeals. It is plaintiff's claim that since Jesse Church at the execution sale demanded his exemption in the property sold and his right thereto was denied, the sale to Margaret Seaman was "invalid and void."

The first question raised is whether Jesse Church was entitled to an exemption of $250. We think he was. The stipulated facts recite:

"From the time that said boat was launched (1923) and up to the time of the execution sale (1927) thereof on the judgment of Margaret Seaman, the said Jesse Church was earning his living for himself and family by using the said boat * * * and that the business of * * * using the said boat * * * was the business in which the said Jesse Church was wholly and principally engaged during said period."

The statute then in force exempted from levy and sale under execution:

"The tools, implements, materials, stock, apparatus, * * * or other things, to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged not exceeding in value $250." 3 Comp. Laws 1915, § 12858, subd. 8 (3 Comp. Laws 1929, § 14578.)

We think in view of the use made of it, the interest of Jesse Church in the boat clearly fell within the

provision of the statute which included "other things" to enable any person to carry on the occupation in which he was wholly or principally engaged. Under similar statutory provisions it has been held that a net and boat owned and used by a fisherman in his regular occupation were exempt. *Sammis* v. *Smith,* 1 Thompson & C. (N. Y.) 444. Also that a professional guide for hunters and fishermen is entitled to claim a canoe as an exemption. *In re Mullen,* 140 Fed. 206.

But the circuit judge held that, even though Church was entitled to an exemption, both he and plaintiff were guilty of such laches and delay as estop them from recovering in the instant case. It is plaintiff's claim that neither he nor his brother, Jesse Church, have been guilty of laches, and that since the execution sale was void, no title passed to Margaret Seaman.

Was the execution sale void or only voidable? Beyond question, one entitled to an exemption in property may, if he sees fit, waive such right in the event of a levy and execution sale. Numerous decisions of this court hold that an officer who sells exempted property or the judgment creditor for whom the sale is made is liable to the owner for his resulting damage. *Town* v. *Elmore,* 38 Mich. 305; *Slumpff* v. *McGuire & Hansen,* 253 Mich. 473. This must be on the theory that the one entitled to the exemption ratifies the sale. We think it must follow that such a sale is not absolutely void; but at most only voidable, depending upon the surrounding circumstances.

If the right of exemption can be waived it follows that its assertion may be prevented by such laches as work an estoppel. While it was held there was no

estoppel in the particular case, in *Wright* v. *DeGroff*, 14 Mich. 164, Justice COOLEY said:

"A person who has induced another to act upon the supposition that a certain state of facts exists, may by such conduct preclude himself from disproving such facts; and we may readily suppose a case in which a woman may so act in reference to lands in which she had a right of dower as to make this principle applicable."

"A wife who knows that her husband is about to include some of her own property in a chattel mortgage given in part to secure payment for her own board, is estopped from claiming the property as against the mortgage if she neglects to assert her right to it at the time." (Syllabus) *David* v. *Zimmerman*, 40 Mich. 24.

While it is not so stated in the stipulated facts, we think it may be fairly inferred that neither plaintiff nor his assignor had possession of this boat at any time after the execution sale on June 30, 1927, because in appellant's brief it is stated: "Presumably Earl Bailey (the other one-half owner) continued to operate it." Neither did anything by way of asserting Jesse Church's right of exemption nor to secure cancellation of the sheriff's bill of sale which was delivered to Margaret Seaman notwithstanding Jesse Church had full knowledge of the sale at the time. While plaintiff properly recorded the bill of sale which he received from his brother in August, 1927, neither he nor the brother at any time during the intervening months preceding the chattel mortgage sale made any demand or in any active way known to any of the defendants indicated that plaintiff or his brother even had any intention of asserting the right of exemption or of challenging the validity of the execution sale to Margaret Seaman.

We think plaintiff was properly held to be estopped from questioning the execution sale and agree with the circuit judge, who in his opinion said:

"It is the opinion of the court that if said Jesse Church, or his assignee, Philetus S. Church, were dissatisfied with the said sale, or claimed that it was irregular or illegal, that it was their duty within a reasonable time to take such action as would finally and legally determine this question. Under the decision in the case of *Holton* v. *Moody,* 117 Mich. 321, the interest of the mortgagor, Jesse Church, might have been fully protected and litigated by motion in the same case, under which said execution issued, and for good cause shown said sale might have been set aside, or he might have sought equitable relief in the premises, 10 R. C. L. pp. 1320, 1321.

"However, no such procedure or action was taken, and the First National Bank and their agent, the deputy sheriff, without any notice of the claim of said plaintiff or his assignor, on the 22d day of May, 1928, proceeded to sale under said chattel mortgage, which they had a right to do. * * * It was not until three days thereafter, or May 25, 1928, that the present claim was brought to the attention of the defendant bank or their agent, the deputy sheriff in charge of the mortgage sale."

Affirmed, with costs to appellees.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, and Fead, JJ., concurred. Sharpe, J., did not sit.