## SURRATT *v*. YOUNG.

Decided February 13, 1892.

*Exemption—Property attached.*

> A debtor cannot claim exemption in the proceeds of personal property sold under attachment where he had an opportunity and neglected to claim his exemption in specific articles, as provided by the statute.

APPEAL from *Sebastian* Circuit Court, Fort Smith district.

Jos. M. HILL, Special Judge.

*C. J. Frederick* for appellant.

A debtor can maintain his claim to exemptions out of the proceeds of a sale of his property made by the sheriff upon request of creditors under an order of attachment, pending the litigation. The title was in the debtor until condemnation. The sale was only to preserve its value pending litigation, and if the attachments were dissolved the proceeds would be paid to the debtor. The money arising from the sale belongs to defendant until ordered paid over after attachment sustained. 55 Ark., 101 ; 47 Ark., 301 ; 44 *id.*, 180.

*L. P. Sandels* and *C. E. Warner* for appellee.

The exemption only extends to *specific articles* to be *selected* by the debtor *before* the sale, and he must see that his schedule is filed and *supersedeas* issued. Const., art. 9, sec. 2; Mansf. Dig., sec. 3006; 28 Ark., 499; 40 *id.*, 352 ; 47 *id.* 400. A failure to do so is a waiver. 49 *id.*, 116; 52 *id.*, 547; 53 *id.*, 182. See 46 Ark., 47; 17 S. W. Rep., 365. It is too late after sale.

HUGHES, J. The appellee sued out and had an attachment levied upon personal property which had, prior to the issuance of the attachment, been assigned by the appellant for the benefit of his creditors. Pending the attachment, in vacation, before the judge of the circuit court, the appellee presented a petition praying a sale of the property

attached, representing that "it would be greatly to the interest and benefit of all parties to have the property so attached sold at once." The appellant indorsed on said petition his consent to the sale of the property as prayed for. The order of sale was made, and the property was sold by the sheriff at $506.65. Afterwards the deed of assignment was held to be void, and set aside. After the assignment was annulled, and before any judgment sustaining the attachment was rendered, the appellant filed his schedule under the statute, claiming as exempt $29.50 worth of property not attached and $470 cash of the proceeds of the sale of the property attached. A *supersedeas* was issued which upon motion was quashed, to which the appellant excepted and appealed.

It is agreed by counsel, in their briefs on both sides, that the only question raised by the record in the case is, " Can the debtor set up and maintain his claim for exemptions after property has been seized by attachment and sold by the sheriff upon an order made by the judge in vacation with the consent of the debtor? In other words, can the debtor maintain his claim to exemptions out of the proceeds of the sale of his property by the sheriff upon request of the creditors, under an order of attachment pending the litigation?"

The constitution of the State, art. 9, sec. 2, provides: "The personal property of any resident in this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of $500 in addition to his or her wearing apparel, and that of his or her family, shall be exempt," etc.

Section 3006 Mansfield's Digest provides: "Whenever any resident of this State shall, upon the issue against him for the collection of any debt by contract of any execution or other process, [or] of any attachment except specific attachment, against his property, desire to claim any of the exemptions provided for in article 9 of the constitution of this State, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and

choses in action held by himself or others for him, and speci-
fying the particular property which he claims as exempt,
under the provisions of said article," etc.

These provisions seem to require that the debtor shall
claim his exemptions in specific articles to be selected by
him.    Most of the authorities bearing upon the question,
when must the selection be made? hold that it must be made
in a reasonable time, and they all seem to agree, as far as
we have examined, that as a rule the selection must be made
before the sale of the property, which is said, in most of the
cases, in reference to a sale of the property attached on final
process.

It would seem that the claim of exemption should be made
in accordance strictly with the requirements of the statute,
and in apt time, that the debtor may have the benefit of the
humane provisions of the law in reference to exemptions,
and that the creditor may not be prejudiced in his rights.

*Prima facie,* all the property of the debtor is subject to
sale on execution for the payment of his debts.    But the
constitution confers upon him the privilege of claiming
specific articles of his property as exempt from execution, and
the statute points out particularly the manner in which this
must be done, and provides that when it is thus done, a *super-
sedeas* shall be issued to prevent the sale of the property
thus selected as exempt.    If the debtor were permitted to
stand by and see his property sell without claiming his ex-
emptions in specific articles, and then be allowed to claim
the amount in value of his exemptions out of the proceeds
of the sale of his property, it is not difficult to see how he
might work this to the prejudice of his creditor, and how an
improvident and thriftless man, by permitting the sale of his
property exempt by law from execution, and necessary for
the use of his family, might thwart the purpose of the law in
securing the right to a debtor to claim his exemption.    We
do not think that the statute confers upon a debtor the right
to claim his exemptions out of the proceeds of the property
after it is sold under the process of the court, or under an

S C—29

order of the court, as in this case, when he has an opportunity to and might claim his exemptions in specific articles as provided by the statute. The consent of the appellant in this case can be regarded only as dispensing with a formal proof and finding of the facts by the judge, who ordered the sale, to warrant the making of the order. The assignment cuts no figure. It did not prevent the appellant from claiming his exemptions as against the appellee.

The money arising from the sale of property exempt from execution is therefore never to be paid to the debtor, except under the pressure of necessity created by an inability or the lack of a reasonable opportunity upon the part of the debtor to claim his exemptions before the sale. *Weaver's Appeal,* 18 Pa. St., 309; *Miller's Appeal,* 16 Pa. St., 303; *King* v. *Ruble,* 54 Ark., 418; *Norris* v. *Kidd,* 28 Ark., 499; *Healy* v. *Conner,* 40 Ark., 352; *Chambers* v. *Perry,* 47 Ark., 400; *Brown* v *Peters,* 53 Ark., 182.

Let the judgment be affirmed.