63   540
82   241

## SCANLAN *v.* GUILING.

## Opinion delivered March 6, 1897.

APPEAL—MATTERS NOT APPARENT OF RECORD.—The action of the trial court in permitting the defendant in an attachment case to amend his affidavit controverting the grounds of attachment, and in refusing a continuance to plaintiff thereafter, will not be disturbed on appeal where the record does not show the nature of the amendment.

WRONGFUL ATTACHMENT—SET-OFF.—Where attached property has been sold, and the proceeds applied to the payment of plaintiff's judgment, the amount so applied should be deducted from the damages recoverable by defendant on the dissolution of the attachment.

EXEMPTIONS—CLAIM.—*Prima facie*, all personal property is subject to sale on execution, and a defendant cannot be allowed exemptions unless they are claimed in the manner provided by statute.

Appeal from Van Buren Circuit Court.

ROBERT J. LEA, Judge.

STATEMENT BY THE COURT.

The appellant, Scanlan, brought suit against the appellee, Guiling, before a justice of the peace, and sued out an attachment, under which two horses, a wagon and harness belonging to Guiling were seized. When the parties appeared before the justice, Guiling confessed judgment for the amount of his debt to Scanlan, but resisted the attachment. On a trial in the justice's court, the attachment was sustained, and Guiling appealed.

No supersedeas bond was given by Guiling, and the attached property was sold, and proceeds applied to the satisfaction of the judgment and costs. Upon trial of the attachment issue in the circuit court, the finding was in favor of Guiling, and the attachment dissolved,

and damages assessed against plaintiff in the sum of $240. The other facts are sufficiently stated in the opinion.

*J. F. Sellers* for appellent.

The rule as to the measure of damages asked by appellant is the expressly endorsed by this court. 37 Ark. 614; 55 *id.* 329; *ib.* 622; 34 *id.* 707; 51 *id.* 19. No question of offsetting one judgment against the other arose in this case, nor was there any claim of exemption. Mansf. Dig., sec. 3006. One may waive his right to exemptions, and does so by a failure to make the claim as prescribed by law. 33 Ark. 454; 46 *id.* 352; 41 *id.* 249; 50 *id.* 253; 49 *id.* 114. *Prima facie*, all personal property is subject to sale on execution. 52 Ark. 547. The damages are excessive. Waples, Attachment, sec. 296.

*J. H. Harrod* for appellee.

Appellant's prayer for instruction should have been refused, for three reasons: (1) This not the way to set-off a judgment. (2) His right to off-set could not be raised at that time. (3) He has no right to set-off his judgment, and thus deprive Guiling of the exemptions to which he was entitled under the law. 47 Ark. 464.

RIDDICK, J., (after stating the facts.) The first contention is that the circuit judge abused his discretion in permitting the defendant, during the progress of the trial, to amend his affidavit controverting the grounds of attachment, and also in refusing a continuance to plaintiff after such amendment was made. But this contention cannot be sustained, for there is nothing in the record to show the nature of this amendment. So far as the record discloses, the amendment may have been only a matter of form, and not of substance. Such questions are left largely in the discretion of the trial

*Presumption as to matters not apparent of record.*

judge, and, in the absence of an affirmative showing to the contrary, we must presume that there was no abuse of discretion.

*As to right of set-off.*   The circuit judge instructed the jury that they should assess the damages at the value of the property attached at the time of seizure, with 6 per cent. interest to the date of trial.   The plaintiff contended that, from the value of the property and interest thus found, there should be deducted the amount of plaintiff's judgment against defendant, but the circuit court refused to so instruct the jury, and it is said this was error.   The attached property had been sold, and the proceeds applied to the satisfaction of plaintiff's judgment against defendant.   In so far as the proceeds of the sale had been applied to the payment of this judgment, the defendant had received the benefit of the same, and it was therefore proper that, from the total value of the property and interest, this sum should be deducted, and a judgment rendered for the balance.   *Blass* v. *Lee*, 55 Ark. 329, 334, *Popplewell* v. *Hill*, 55 *id.* 622.

*Right to exemptions.*   It is said that the effect of such a ruling would be to deprive Guiling of his exemptions; but if he was entitled to exemptions in this case, still there is nothing in the transcript before us to show that he had claimed his exemptions, as required by the statute.   *Prima facie*, all personal property is subject to sale on execution, and defendant cannot be allowed exemptions unless they are claimed in the manner provided by statute. *Blythe* v. *Jett*, 52 Ark. 547; *Weller* v. *Moore*, 50 *ib.* 253; *Settles* v. *Bond*, 49 *ib.* 114; *Guise* v. *State*, 41 *ib.* 249.

It is not so much a question here of setting off one judgment against another, for it seems that the judgment of plaintiff had been paid, but an application of the rule that when the property of the defendant has been sold under attachment, and such attachment is afterwards dissolved, and defendant claims damages

against plaintiff on account of the attachment, then the plaintiff is entitled to have such damages reduced, to the extent that he can show that the defendant received the benefit of the proceeds of such attachment sale.

As we are not able to determine from the record before us what the amount of such credit should be in this case, the case must be remanded; but, as the error pertains only to the assessment of damages, and not to the dissolution of the attachment, the judgment dissolving the attachment will be affirmed, but the judgment against plaintiff for damages is reversed, and the cause remanded for a new trial thereon.