GRIFFIN *v.* BATTERALL SHOE CO.

## Opinion delivered December 23, 1918.

1. FRAUDULENT CONVEYANCES—VALIDITY OF BULK SALES LAW.—The The Bulk Sales Law, prohibiting sales of merchandise or goods in bulk without compliance with prescribed conditions as to inventory and notice to creditors, is valid, and all sales not in compliance with it are void.

2. SAME—LIABILITY OF PURCHASER.—Under the Bulk Sales Law, one who buys a stock of goods without giving notice to creditors as required by such act, becomes a receiver, and liable *pro rata* to creditors, although the sale was made in good faith.

3. EXEMPTIONS—NECESSITY OF SCHEDULE.—Where a debtor's personal property is worth more than $500, he must make a schedule of all his property, and specify the particular property he wishes exempted.

Appeal from Boone Chancery Court; *B. F. McMahan,* Chancellor; affirmed.

*E. G. Mitchell,* for appellant.

1. It was not necessary to furnish a list of creditors who had no goods in the Whitaker stock at the time of the sale. If these creditors had no interest in the goods, they would have no interest in the money received for them in the sale to Griffin, and, under the Bulk Sales Law, they are without remedy so far as the stock of goods is concerned. 185 S. W. 263.

2. The court erred in refusing to allow the exemptions as claimed by Whitaker. 54 Ark. 193; 79 Ark. 399; 52 Ark. 101; 68 Ark. 102.

*Geo. J. Crump* and *Shouse & Rowland,* for appellees.

1. The statute gives *creditors generally* the right to hold the purchaser at a bulk sale as a trustee. There is no exception in favor of those creditors only who have goods in the stock at the time of the sale. Acts 1913, p. 326, *et seq.*

2. Whitaker was not entitled to claim exemptions. Exemptions can only be claimed in the manner provided by law in specific articles to be selected. Art. 9 § 2, Const.,

Ark. 1874; 63 Ark. 542; 54 Ark. 418; 47 Ark. 400; 40 Ark. 352; 41 Ark. 249; 52 Ark. 547; 48 Ark. 215.

STATEMENT OF FACTS.

The Batterall Shoe Company and others brought this suit in the chancery court against J. P. Griffin and E. G. Whitaker to set aside a sale of merchandise alleged to have been made by Whitaker to Griffin in violation of our Bulk Sales Law. E. G. Whitaker was a retail merchant in Boone County, Arkansas, and on May 28, 1917, sold his stock of goods to J. P. Griffin at 75 cents on the dollar. On the next day after the sale was made, Whitaker made an invoice of the goods and their invoice value amounted to something over $1,800. The purchase price at seventy-five cents on the dollar was $1,362.32. At the time the sale was made Whitaker gave to Griffin a written list of the names and addresses of a part of his creditors, but the list was not given under his oath. This suit was instituted by the Batterall Shoe Company, which was a creditor of Whitaker at the time the sale was made. No notice was given to this plaintiff of the sale. The Doyle-Kidd Dry Goods Company and other creditors of Whitaker were allowed to become parties plaintiff and establish their claims. Whitaker admits in his testimony that he owed each of the plaintiffs the amounts respectively claimed and that he did not give any of them notice that he had made the sale to Griffin.

According to the testimony of Griffin, he received a list of part of the creditors of Whitaker and paid the purchase price of the goods to these creditors. He did not pay the claims of any of the plaintiffs to this action because he did not know that they were creditors of Whitaker. Neither of the plaintiffs had any of its goods in stock at the time Griffin bought the goods from Whitaker and none of them were embraced in the list of creditors given by Whitaker to Griffin. In his testimony Whitaker said that he was a citizen of Boone County, Arkansas, and had resided there continuously for more than forty-seven years; that he was a citizen of that county at the time of the sale, and was not worth $500 in personal prop-

erty or real estate; that he had absolutely no property, real or personal of any kind or value; that he claimed $500 as exempt under the Constitution. In another part of his testimony he admitted that he did not sell his store fixtures at the time he sold his goods to Griffin.

The chancellor found that the sale was in violation of our Bulk Sales Law and was therefore void; that neither Whitaker nor Griffin could claim any part of the goods as exempt to Whitaker. The amounts claimed by each of the plaintiffs were ascertained and judgment was rendered against Griffin for them for the *pro rata* amounts due them.

The defendants have appealed.

HART, J., (after stating the facts). Our statute prohibiting sales of merchandise or goods in bulk without compliance with prescribed conditions as to inventory and notice to creditors has been upheld and all such sales are void. *Stuart* v. *Elk Horn Bank & Trust Co.*, 123 Ark. 285, and *Fisk Rubber Co.* v. *Hayes*, 131 Ark. 248. It appears from the statement of facts that Whitaker did not comply with the Bulk Sales Law in regard to making his inventory, giving the purchaser a list of his creditors, or giving his creditors notice of sale. It appears from the testimony of Griffin that he purchased the goods in good faith but this can avail him nothing. Under our Bulk Sales Law one who buys a stock of goods without giving notice to creditors, as required in such act, becomes a receiver, and is liable *pro rata* to creditors, although the sale was made in good faith. *Heldman Clothing Co.* v. *Oates et al.*, 204 S. W. 1142, 135 Ark. 252; *Ledwidge* v. *Arkansas Nat'l Bank*, 134 Ark. 420.

The chancellor was right in not allowing the exemptions claimed by Whitaker. It is true he testified that he did not have $500 worth of personal property, but he evidently meant that he did not have $500 worth of personal property besides his stock of goods; for according to his own testimony he sold the stock of goods for over $1,300 and reserved the fixtures from sale. The record does not

show how much the fixtures were worth. The property of Whitaker being over the value of $500, if he wished to claim any of it as exempt he should have made a schedule of all his property, specifying the particular property claimed as exempt by him under article 9 of the Constitution. of 1874. *Blythe* v. *Jett,* 52 Ark. 547, and *Scanlan* v. *Guiling,* 63 Ark. 542. The case of *Hoskins* v. *Fayetteville Grocery Co.,* 79 Ark. 399, cited by counsel for the defendants is not in point. In that case the proof showed conclusively that all the personal property of the debtor including the merchandise sold did not exceed in value the sum of $500 and was therefore exempt from execution. As above stated the evidence in the present case showed that the stock of merchandise sold for over $1,300 and that Whitaker reserved from sale his store fixtures, the value of which is not shown.

It follows that the decree must be affirmed.