PEMBERTON *v*. BANK OF EASTERN ARKANSAS.

Opinion delivered May 2, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF FINDING OF COURT.—The court's finding as to the value of property, claimed by defendant to be exempt, not against the preponderance of the testimony, is conclusive on the Supreme Court.

2. EXEMPTIONS—CONSTRUCTION OF EXEMPTION LAWS.—Constitution, art. 9, § 2, relating to exemptions, and Crawford & Moses' Dig., §§ 5544, 5554, being enacted for the benefit of debtors, must be liberally construed.

3. EXEMPTIONS—AMOUNT ALLOWED.—Where a debtor claims specific exemptions, and the court finds the value of the articles claimed

exceed $500, it is the duty of the court, under § 5554, to deliver to the debtor as exemptions articles not exceeding the value of $500, and to sell the balance only.

Appeal from St. Francis Circuit Court; *E. D. Robertson,* Judge; reversed.

*W. J. Lanier,* for appellant.

*C. W. Norton,* for appellee.

MEHAFFY, J. Suit was begun in the justice of the peace court in St. Francis County on the 19th day of November, 1923, upon a promissory note for $300, executed and delivered by appellant and Lee Crews to appellee, Bank of Eastern Arkansas. Summons and attachment were issued and served, and judgment was rendered against appellant and Crews. Crews filed schedule and claimed his personal property as exempt, and his claim was allowed. The appellant filed a schedule of his personal property totaling $543, and of that amount he claimed articles aggregating $420, according to his verified schedule.

The justice court refused to allow a supersedeas, and appellant appealed to the circuit court. Evidence was taken in the circuit court, the plaintiff testifying that the property claimed as exempt by him was worth less than $500 and the other witnesses testifying that it was worth more than $500.

The list as claimed by appellant with their values is as follows:

| | |
|---|---|
| One-half of the cotton and seed on 30 or 35 acres | $250.00 |
| One-half of corn | 68.00 |
| One blue or dapple mule | 40.00 |
| One Ford touring car | 30.00 |
| Two turning plows | 5.00 |
| Two middle-busters | 10.00 |
| One stalk cutter | 10.00 |
| Two scrapers | 4.00 |
| One orchard harrow | 2.00 |
| Five field hoes | 1.50 |
| Total | $420.00 |

It is unnecessary to set out the testimony. The court found, after hearing all the testimony, that the value of the property was $793, and this finding we do not think is against the preponderance of the testimony, and it is therefore conclusive on this court. The property was afterwards sold and brought much less than the value fixed by the court, but the kind of property owned by the appellant, at a forced sale under the circumstances in this case, would probably sell for very much less than its real value. The only question to be determined here is whether the appellant had complied with the law requiring him to select the specific articles which he claimed as exempt when his schedule, according to the valuation found by the court, exceeded $500, which he would be entitled to claim as exempt, as he was a married man and the head of a family.

Section 20, article 9, of the Constitution reads as follows:

"The personal property of any resident of this State, who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of $500, in addition to his or her wearing apparel and that of his or her family, shall be exempt from seizure on attachment or sale on execution or other process from any court on debt by contract."

The above section of the Constitution is repeated as § 5544 of Crawford & Moses' Digest. It will be observed that the Constitution and statute allow exemptions in specific articles to be selected by himself not exceeding in value the sum of $500. The circuit court held that, when the value of the articles in appellant's schedule exceeded $500, it then became the duty of appellant to select from that list articles whose aggregate value did not exceed $500, and that, because he did not do that, he waived his right to exemption.

We think the court erred in this ruling. This court has many times held that he must select the articles he claims as exempt. But the question of whether he has complied with that law when the articles selected by him

and claimed by him to be worth less than $500 and the court finds they are worth more, has never been decided by this court. While this court has held that he must make the selection, it has also held uniformly that the exemption clause of the Constitution is highly remedial and should be liberally construed. This court has said:

"It is said that the effect of such a ruling would be to deprive Guiling of his exemptions; but, if he was entitled to exemptions in this case, still there is nothing in the transcript before us to show that he had claimed his exemptions, as required by the statute. *Prima facie,* all personal property is subject to sale on execution, and defendant cannot be allowed exemptions unless they are claimed in the manner provided by statute." *Scanlan v. Guiling,* 63 Ark. 540; 39 S. W. 713.

"It is settled in the decisions of this court that, as to property exempt from execution, there are no creditors; that, as they cannot sell it under execution, they are not injured by a sale of it by the owner, and are not concerned with the motives which may prompt the sale. * * * Under our statute a debtor, claiming property to be exempt from execution, is required to make a schedule of all his or her property, including moneys, rights, credits and choses in action, specifying the particular property claimed as exempt under article 9 of the Constitution of 1874, and file the same with the officer issuing the execution, after having given five days' notice in writing to the opposite party. * * * If he would claim exemption for any of said property, he must bring himself and his property within the exceptions of some statute by proper proof." *Blythe v. Jett,* 52 Ark. 547, 13 S. W. 137.

"Laws exempting a reasonable sum out of insolvent debtors' estates to provide insurance for their wives and children have received a liberal construction in other jurisdictions. The Supreme Court of Missouri, in *Judson v. Walker,* 155 Mo. 166, 55 S. W. 1083, construing somewhat similar statutes, says: 'These statutes are now pronounced by the courts praiseworthy, and construed with

liberality.' " *Davis, State Bank Commr.,* v. *Cramer,* 133 Ark. 224, 202 S. W. 139.

This court has also said that, where a debtor's property is worth more than $500, he must make a schedule of all of his property and specify particular property which he wishes exempted under the Constitution. *Griffin* v. *Botterall Shoe Co.,* 137 Ark. 37, 207 S. W. 439.

Under constitutional provisions and statutes which require the debtor to make the selection, many courts hold that it is his duty to make the selection, and that it is not the duty of the officer to make it for him. But there are many cases holding otherwise, and practically all the authorities that we have examined hold that a judgment debtor is not required to select property at all when all of his property is exempt from execution. Simply a claim to the officer that his property is exempt is all that is required when all of his property is exempt. That is, when the aggregate value of his property does not exceed his exemptions.

Section 5554 of Crawford & Moses' Digest is as follows:

"If the decision shall be that the property described exceeds in value the amount exempted by the Constitution, then the justice or clerk shall revoke the supersedeas so far as concerns such items of property described as the said appraisers may designate as in excess of the amount of exemption by the Constitution provided for, and the cost of the proceeding shall be paid by the defendant in the action."

We take that to mean that, when the list selected by the debtor as exempt and shown, according to his estimate, to be within the $500, but the appraisers fixed it about $500, the debtor does not have to reselect, but it then becomes the duty of the officer, whether the court or the clerk, to revoke the supersedeas as to that in excess of his exemptions. That being true with reference to the procedure in the justice court and before the clerk, we think it should apply in the circuit court also when the value is fixed by testimony taken in the circuit court.

When the debtor files his list and swears that the aggregate value of the property claimed as exempt is less than $500, and the court finds that it exceeds $500, the defendant has made a selection, he has complied with the law, and we think it then becomes the duty of the court, under this statute, to sell that portion of his property only which is in excess of the amount allowed the debtor as exempt.

The controversy here was about the value of the property, and there was no controversy about the debtor claiming it as exempt. He was claiming it all the time as exempt. The officers and court knew that he was entitled to $500 as exempt.

As said by the Illinois court: "These statutes have not declared what shall be done in a case like the present, and we are left to ascertain the legislative intention by inference or interpretation. Seeing the intentions or purposes of the legislation in adopting these acts, we cannot doubt that, had such a case occurred to them, they would have embraced it in the language of the law, because it is fully within its reason." Thompson on Homestead and Exemptions, 675.

The author further said in this connection: "An apt illustration of the results which are frequently reached by extending to statutes of exemption a liberal construction will be found in a case in Illinois, where a debtor claimed the right to reserve from execution a horse worth more than $100, but not more than $160. There were in force two statutes of exemption, one allowing the debtor certain specific chattels, and also permitting him to select 'sixty dollars' worth of other property suited to his or her condition in life,' and a later one exempting certain additional chattels, among them 'one yoke of oxen, or one horse in lieu thereof, not exceeding one hundred dollars in value.' Putting the two together, the court sustained the right of the debtor to select the horse in question." Thompson on Homestead and Exemptions, 675.

Exemption laws are enacted by the Legislature for the benefit of the debtor, and, as this court has frequently said, must be liberally construed. And, as we have already said, there is no statute prescribing what shall be done under circumstances like we have here. All the property that this debtor owned was worth very little, if any, more than his exemptions. According to his judgment, it was worth less than his exemptions. And the subsequent sale of the property seems to justify the debtor's estimate of the value.

In speaking of how exemptions should be claimed, it is said in Thompson on Homestead and Exemptions, 663: "It is enough if it is made to the levying officer in a way in which he cannot, or ought not to, misunderstand it. 'Men whose property is levied on are generally under some degree of mental excitement. It is not to be expected that their words should be calmly weighed.' "

The officer here could not doubt that the debtor was claiming his exemptions. He was bound to know that he was entitled to at least $500 exempt. The value of the articles claimed as fixed by the court exceeded that amount. Since the debtor had selected the property that, according to the proof taken by the court, exceeded the amount that he was entitled to claim as exempt, it was the duty of the court to allow the debtor or to set apart to the debtor $500 worth of articles claimed as exempt, and to sell the balance only.

Persons for whose benefit statutes of exemption are enacted are usually very poor people. It frequently happens that all the property they possess would not sell for $500, although it may be worth more than that to them. And we hold that, when a debtor makes it clear that he is claiming his exemptions and specifies the particular articles that he claims, it is the duty of the court to set aside those articles as exempt, and, if they are in excess of the amount the debtor is entitled to claim, the court should deliver to him as exempt articles not exceeding the value of $500, and sell the balance only.

The judgment of the court is reversed, and remanded with directions to allow the debtor his exemptions by delivering to him the property claimed as exempt, not exceeding $500, or, if the property cannot be restored to him in as good condition as when taken from him, that he be given the value in money of such articles as cannot be so restored.