MERCHANTS' & FARMERS' BANK v. REEL.

Opinion delivered June 9, 1930.

970

972

*Hays, Priddy & Rorex,* for appellant.

*Robert Bailey,* for appellee.

HART, C. J., (after stating the facts). It is earnestly insisted that the deed to the one-acre tract of land on which the store and dwelling of Conner was situated should be set aside as being made in fraud of creditors. It is pointed out that the first two items of the indebtedness claimed by Reel to be owed him by Conner were barred by the statute of limitations. These were items claimed to be owed for the balance of wages for 1921 and 1922. In this contention, counsel for plaintiff are correct. The record shows that each year's contract was separate in itself, and there was no account of debits and credits kept between the parties. Hence the balance due for the wages of each year constituted a separate indebtedness.

The record shows, however, that Conner owed Reel a balance of $175 at the end of 1926, $25 for the balance of wages at the end of 1924, and $300 for the balance due at the end of 1927. These items aggregated the sum of $500. No testimony was introduced tending to contradict them, and the chancellor was justified in finding that Conner owed Reel the sum of $500 at the time the deed to the one-acre tract of land was executed in September, 1927. The record also shows that the small store building and dwelling house on the land, together with the land itself, were not worth more than $500. It is true that the deed was not filed for record until after the death of Conner in April, 1928, but Reel testified that it was delivered to him on the date of its execution. It is also true that Reel was the son-in-law of Conner at the date of the execution of the deed and lived with Conner as a member of his family. Conner had been in bad health, however, and Reel and his wife lived with him for the purpose of taking care of him. Conner had tuberculosis and was not able to attend to his business for the last year of his life, and Reel ran the store for him. But, when all these matters are considered, we are of the opinion that the

chancellor was justified in finding that the deed was not made in fraud of the rights of the creditors of Conner, and for that reason the decree in this respect will be affirmed.

The chancellor was also right in holding that the sale of the stock of goods and fixtures by Conner to Reel was void because it was made in violation of our bulk sales law, and that fraud must be conclusively presumed. *Stuart* v. *Elkhorn Bank & Trust Co.*, 123 Ark. 285, 185 S. W. 263; *Prins* v. *American Trust Co.*, 169 Ark. 455, 275 S. W. 714.

The chancellor erred, however, in allowing the exemption of Conner as a single man in the sum of $200 to be deducted from the value of the stock of goods. In *Griffin* v. *Batterall Shoe Co.*, 137 Ark. 37, 207 S. W. 439, it was held that, under the bulk sales law, one who buys a stock of goods without giving notice to creditors as required by such act becomes a receiver and liable *pro rata* to creditors, although the sale was made in good faith. It was also held that, where a debtor's personal property was worth more than $500, he must make a schedule of his property and specify the particular property he wishes exempted. Conner was indebted to the plaintiff at the time he executed the bill of sale and did not comply with the statute, and did not claim his exemptions when he transferred his stock of goods to Reel. Therefore, under the authority above cited, Reel cannot claim the exemptions for him in this suit.

For the reason that all of the amounts which Conner owed Reel were canceled in the purchase of the land in September, 1927, as above indicated, we are of the opinion that the only amounts which Reel could claim to be owing him at the death of Conner were the amounts which he had agreed to pay and did pay for his funeral expenses and to his creditors, which, as will be seen from our statement of facts, amounts to $674.80. In addition, Reel claims that Conner was indebted to him in the sum of $25 a month for something over a year prior to the

974

death of Conner for taking care of the latter. Reel admitted, however, that he kept no account of this and made no charge against Conner on his books. We are of the opinion that under the circumstances Reel and his wife lived with Conner as members of his family, and that all of them were supported out of the store. Reel cannot be allowed any sum for the support and maintenance of Conner.

We are of the opinion that the balance in the bank, amounting to $225, which Conner gave by check to Reel on the day before his death, was given for the purpose of enabling Reel to apply it towards the payment of his debts, and that this money did not belong to Reel.

The result of our views is that the deed from Conner to Reel will be allowed to stand, but that the personal property, including the stock of goods in the sum of $750 and the $225, balance of the bank account, amounting in the aggregate to $975, should be applied to the payment of Conner's debts. As we have already seen, there are only two creditors, the plaintiff and Reel. According to the decision above cited, Reel will be deemed to have received these amounts to be applied *pro rata* towards the creditors of Conner, being the bank and himself. It follows that the decree sustaining the deed is valid and will be affirmed. In other respects, the decree will be reversed and the cause remanded with directions to the chancery court to distribute the funds in accordance with the directions of this opinion, and for other proceedings in accordance with the principles of equity.