Jennings *v.* Tankersley Brothers Packing Company.

4-9478                                                      238 S. W. 2d 625

Opinion delivered April 16, 1951.

*Martin L. Green* and *A. A. McCormick,* for appellant.

*Paul M. Lynch* and *Floyd E. Barham,* for appellee.

PAUL WARD, J. On April 12, 1950, appellee filed a complaint in the Sebastian County Chancery Court for the Fort Smith District against appellants in which it made the following allegations: That the Tankersley Brothers Packing Company, a corporation, (hereinafter referred to as the Company) obtained a judgment against O. C. Jennings, one of the appellants, on March 29, 1950, in the amount of $1,553.27 with interest and cost; that it caused to be issued an execution against the property of O. C. Jennings and that it was returned showing that said Jennings had no property; that the said O. C. Jennings, prior to July 11, 1949, was the owner of certain real estate located in Fort Smith District of Sebastian County, describing the property; that said Jennings on July 11, 1949, and Edna Jennings, being husband and wife, conveyed said real estate to J. H. Payne, and on the same date said J. H. Payne conveyed said property to the defendant Edna Jennings; that said conveyance was made with the intent to defraud the creditors of O. C. Jennings, including this Company, and was made for the purpose of putting the property of O. C. Jennings beyond the reach of his creditors, and asked the court to cancel and set aside the purported conveyances mentioned above and order the interest and equity of the said O. C. Jennings sold to satisfy the judgment of the Company; and that each of the defendants be required to disclose their true assets. A *lis pendens* notice was filed by the Company.

On April 13, 1950, the appellants answered denying each and every material allegation of the complaint.

The record does not disclose that any evidence was taken on the above pleadings although the decree states that oral and documentary proof was introduced. The matter was heard on May 24, 1950, and the decree was dated June 6, 1950, which in effect held as follows: That O. C. Jennings prior to July 11, 1949, was the owner of the real estate in question: that he and his wife as tenants

by the entirety on said date conveyed said property to J. H. Payne and on the same date the said J. H. Payne conveyed the property to the said Edna Jennings; that said conveyance was made with intent to defraud the creditors of O. C. Jennings, including this plaintiff, and to put the property of O. C. Jennings beyond the reach of his creditors; that said conveyances should be and the same are cancelled, set aside, held for naught and the title in said lands is divested from Edna Jennings and revested in O. C. Jennings and Edna Jennings as tenants by the entirety; that said land or the interest of O. C. Jennings therein be sold to satisfy the Company's judgment in the sum of $1,553.27, plus interest and cost. The decree then ordered the land to be sold upon a credit of three months and that upon a sale of said lands and property and the confirmation thereof by this court "all of the right, title, claim, interest, equity or estate of said defendant, O. C. Jennings, in and to said property, and every part thereof, shall be and same is hereby decreed to be forever barred." A Commissioner was appointed to execute the sale.

On July 17, 1950, appellants filed a motion stating that they were owners by the entirety in the real estate involved; that O. C. Jennings "is a resident of Sebastian County, State of Arkansas, married and the head of a family; that he owns no personal property; that if his equity in the aforesaid property be sold that he claims his exemptions as provided for in § 7184 of Pope's Digest out of the proceeds of said sale"; and that the said judgment was for debt by contract. In said motion it was prayed that before his equity be sold that same be appraised by three disinterested householders to determine the true value of such equity; that out of the proceeds of said sale he claims his exemptions as provided for in Art. IX of the Constitution of this State and for all other relief. On August 4, 1950, the above motion was overruled by the court. Pursuant to the order of the court the land was advertised to be sold on the 15th day of September, 1950, at 11:00 a. m. The interest of O. C. Jennings was described as "being a right of survivorship as a tenant by the entirety in a part of (here the

land is described)''. The notice stated that the sale would be made on a credit of thirty days. The Commissioner's report of sale was filed on September 15, 1950, and it showed that the notice provided for a credit of three months, and that appellee herein bid and offered the sum of $250 and that this being the last and best bid the land was sold to it for that sum.

On September 18, 1950, appellants filed a ''Motion'' which appears to also be an exception to the Commissioner's report of sale, which makes the following allegations: (1) The court erred in the decree on the 6th day of June, 1950, finding that O. C. Jennings owned, on the 11th day of July, 1949, the real estate in question; (2) that the court erred in its order of June 6, 1950, by decreeing a lien on said lands to secure the payment of the debt of O. C. Jennings; (3) that the court erred in appointing a receiver to take charge of said property and collect the rents; (4) that the court erred in overruling plaintiff's motion presented to said court on August 4, 1950, to modify said decree; (5) that the Commissioner erred in not complying with the court's order to sell on a credit of three months, when in fact said notice stated that the sale would be on a credit of thirty days; (6) later the motion was amended to include inadequacy of price.

On October 6, 1950, the court heard testimony on appellant's motion and exceptions and on October 12, 1950, the court rendered a decree and confirmation of sale in which it found: That the exceptions numbered one, two, three and four in defendant's motion are without equity and should be overruled; that exception number five is well taken, however, the sale, as had, did not prejudice the rights of said defendant, and should be overruled; that the objection numbered six made by O. C. Jennings, that the property sold for an inadequate price, is without merit and should be overruled; that all exceptions to the Commissioner's report of sale should be overruled and the report of sale as made by the Commissioner and filed herein is in all things approved. To the above ruling the defendants excepted and prayed an appeal to the Supreme Court which was granted.

Mrs. Jennings testified that there was a quonset building on the property in question and that her son ran a grocery store in it; and that the property in question is located at 4243 Newlon Road and that she lived at 1415 N. Greenwood.

E. S. Williams testifying for appellants stated that he was in the real estate business and had been for six or seven years; that he knew the property fairly well and he "guessed" that it would rent for from $35 to $55 a month and that he thought the market value was about $5,000.

We agree with the chancellor that exceptions one, two, three and four made by appellants in their motion filed September 18, 1950, are without merit and should be overruled. In the first exception Jennings contends that the court erred in the decree of June 6, 1950, in finding that O. C. Jennings owned the said real estate on July 11, 1949. As mentioned above the decree states that certain testimony and documentary evidence was introduced but none of it is brought forward in the record, and it will be assumed that the court had before it sufficient evidence upon which to base this finding. The same reasoning applies to the second exception, which states that the court erred in its order of June 6, 1950, by decreeing a lien on said lands to secure the payment of the debt of O. C. Jennings. In the third objection appellants contend that the court had no right to appoint a receiver to take charge of said property and collect the rents. No evidence having been introduced to the contrary it will be assumed that the court's finding was based upon sufficient evidence. In the fourth exception appellants contend that the court erred in overruling his motion submitted to the court on August 4, 1950, to modify the decree. We find no motion presented on said date but assume appellant was referring to his motion filed on June 14, 1950, in which he attempted to claim his exemptions as provided for in § 7184 of Pope's Digest out of the proceeds of said sale. The section referred to above applies to personal property and would not be applicable here as the property involved is real estate and the testimony shows clearly that this property was not the home-

stead of appellants. Furthermore appellants did not comply with § 30-209 Ark. Stats. which specifies that "he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him and specifying the particular property which he claims as exempt under the provisions of said article, . . .". In the case of *Scanlan* v. *Guiling*, 63 Ark. 540, 39 S. W. 713, decided in 1897, Justice RIDDICK, speaking for the court, stated: ". . . a defendant cannot be allowed exemptions unless they are claimed in the manner provided by statute." Again in the case of *Griffin* v. *Puryear-Meyer Grocer Company*, 202 Ark. 495, 151 S. W. 2d 656, the following language is used: "Under our statute a debtor, claiming property to be exempt from execution, is required to make a schedule of all his or her property including moneys, rights, credits, and choses in action specifying the particular property claimed as exempt under the constitution . . .". For these reasons we hold that the chancellor was justified in overruling this exception on the part of appellants.

It is next insisted by appellants that the court erred in refusing to set aside the sale because of inadequacy of the price. Appellee bought the property for the sum of $250. Testimony offered by appellants indicates that the property would rent for $35 to $55 per month and that it was probably worth around $5,000. The record however shows that this property was owned by Mr. and Mrs. Jennings by an estate of entirety and that appellee only bought the right of survivorship which was owned by O. C. Jennings. No mortality table was introduced by either side. No testimony was introduced to show that the property would have brought more money if there had been another sale. In view of these facts and considering that the learned chancellor had before him the parties, we are unable to say that his refusal to order another sale is not supported by sufficient evidence.

It is finally insisted that this cause should be reversed because the court ordered the property sold on a credit of three months whereas the notice of sale stated that it would be sold on a credit of thirty days. It is

admitted by appellee that this discrepancy does appear. The case of *Johnson* v. *Campbell,* 52 Ark. 316, 12 S. W. 578, throws some light on the question here involved. Campbell brought suit against Johnson to recover the amount of certain promissory notes executed by the latter for the purchase money of a tract of land and to enforce his lien on the land. The court ordered the land sold on a credit of four months, but the sale was actually made on a credit of three months. In its opinion the court stated: "It was made upon a credit of three months, however, instead of four, as the decree directed. The defendant showed no injury resulting from the departure from the direction, and the court being satisfied that none had resulted therefrom, did not abuse its discretion in confirming the sale." Here appellants introduced no evidence tending to show they were in any way injured because the sale was had on a credit of thirty days instead of ninety days as ordered by the court. The record discloses that appellee in open court consented to a resale if there was any chance that a larger price could be obtained thereby. According to the case cited above it was a matter about which the chancellor could use his discretion and we think his refusal to order another sale of the property was sustained by sufficient testimony. Moreover it appears that § 8199 of Pope's Digest relied on by appellants would not apply in this case as it refers only to the foreclosure of mortgages or liens on land. The section itself does not mention mortgages or liens, but the three sections preceding and the section immediately following all mention a mortgage or a lien. This section was referred to in the case of *Overton* v. *Porterfield,* 206 Ark. 784, 177 S. W. 2d 735. Here a partition of land was involved and the chancery court ordered a sale for cash and it was urged that the sale should have been upon a credit of three months. The court stated that § 8199 of Pope's Digest provided that the sale of real property made by the court shall be on a credit of not less than three nor more than six months—to be determined by the court. The court then used this language: "That section (8199 of Pope's Digest) was § 407 of the Civil Code. Sections 405, 406 and 408, preceding

§ 407, all have to do with the foreclosure of mortgages or liens, and all the cases cited under § 407 are concerned with such foreclosures. So § 8199, being § 407 of the Civil Code, has no reference to sales by order of court in partition proceedings."

The sections referred to above are all grouped by the digester under the heading "Upon Foreclosure of Mortgage Or Lien," and the three sections preceding § 8199 contain respectively the following phraseology; ". . . . in any action upon a mortgage or lien . . .."; "In the foreclosure of a mortgage . . .."; and "In an action on a mortgage or lien . . .." This suit was not an action upon or to foreclose a mortgage or lien, but was a suit to set aside a fraudulent conveyance.

The decree of the chancery court is in all things affirmed.