DURACLEAN Co. *v.* FOLTZ

5-3715                                              397 S. W. 2d 804

Opinion delivered January 10, 1966.

*Fletcher Long,* for appellant.

*Giles Dearing,* for appellee.

JIM JOHNSON, Justice. This case deals solely with the $500 constitutional exemption from execution on debts by contract.

On April 20, 1965, appellant Duraclean Company obtained a judgment in Cross Circuit Court against

appellee Gerald Foltz in the sum of $1,300 plus interest. A writ of garnishment after judgment was served the same day on appellee's employer, the City of Wynne. The city answered, admitting having on hand $130.08 as salary due appellee. Judgment on the garnishment was entered May 7, 1965, against the city for $130.08. Writ of garnishment and interrogatories were again served on the city on May 12, 1965. Appellee filed a schedule of personal exemptions on May 25, 1965, setting out that

he owned one wrist watch worth $10.00, a .22 rifle worth $1.00, salary for 30 days due him from the city of $260.18, one Dodge car worth $600 and one Dodge truck worth $400, both mortgaged for $1700. Appellee claimed as exempt the wrist watch, rifle and 30 days wages, which totaled $271.18.

On May 29, 1965, appellee's schedule of personal exemptions was heard by the court. The court found that: "the schedule is in proper form and the personal property claimed therein as exempt does not exceed the amount in value as is exempt from the process of this court under the constitution of Arkansas, and that the time wages do not exceed the amount nor the time same are exempt from garnishment." From the supersedeas judgment discharging the garnishee and releasing the garnished funds to appellee, appellant has appealed.

For reversal appellant urges that the trial court enlarged appellee's exemption beyond what is authorized by the constitution or statutes.

Article 9, § 2 of the constitution provides:

"The personal property of any resident of this State who is married or head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars, in addition to his or her wearing apparel and that of his or her family, shall be exempt from seizure on attachment or sale on execution, or other process from any court, on debt by contract."

Arkansas Stat. Ann. § 30-207 (Repl. 1962) provides:
"The wages of all laborers and mechanics, not exceeding their wages for sixty (60) days, shall hereafter be exempt from seizure by garnishment, or other legal process. Provided that, the defendant in any case shall file with the court from which such process is issued a sworn statement that the said sixty (60) days' wages, claimed to be exempt, is less

than the amount exempt to him under the Constitution of the State, and that he does not own sufficient other personal property, which, together with the said sixty (60) days' wages would exceed in amount the limits of said constitutional exemption. . .If the claim of exemption is not valid either in whole or in part, then the garnishment proceedings shall be stayed only as to such amount as the court may determine. Provided that, if the claim of exemption is sustained, the wages of the person claiming such exemption shall not again be seized by garnishment or other legal process, for a period of sixty (60) days. . . ."

Arkansas Stat. Ann. § 30-209 (Repl. 1962) provides:

"Whenever any resident of this State shall, upon the issue against him for the collection of any debt by contract of any execution or other process, of any attachment except specific attachment against his property, desire to claim any of the exemptions provided for in Article 9 of the Constitution of this State, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him and specifying the particular property which he claims as exempt under the provisions of said article, . . . Provided further that, if in any such schedule, it shall appear that the debtor has more property in value than is exempt by law, he shall select his exemptions, and the remainder of such property shall be subject to the levy of the execution, whether the same be included in any former schedule or not. . . ."

In *Surratt* v. *Young*, 55 Ark. 447, 18 S. W. 539, this court in 1892 said:

"These provisions seem to require that the debtor shall claim his exemptions in specific articles to be selected by him. . . .

"It would seem that the claim of exemption should be made in accordance strictly with the requirements of the statute, and in apt time, that the debtor may have the benefit of the humane provisions of the law in reference to exemptions, and that the creditor may not be prejudiced in his rights.

"*Prima facie*, all the property of the debtor is subject to sale on execution for payment of his debts. But the constitution confers upon him the privilege of claiming specific articles of his property as exempt fro mexecution, and the statute points out particularly the manner in which this must be done, and provides that when it is thus done, a *supersedeas* shall be issued to prevent the sale of the property thus selected as exempt."

And in *Blythe* v. *Jett*, 52 Ark. 547, 13 S. W. 137, (1889) we said:

"Under our statute a debtor, claiming property to be exempt from execution, is required to make a schedule of *all* his or her property, including moneys, rights, credits and choses in action, specifying the particular property claimed as exempt under article 9 of the Constitution of 1874, . . ."

Exemptions were more recently considered in *Jennings* v. *Tankersley Brothers Packing Company*, (1951), 218 Ark. 776, 238 S. W. 2d 625:

"[A]ppellants did not comply with § 30-209 Ark. Stats. which specifies that 'he shall prepare a schedule, verified by affidavit, of all his property, including moneys, credits and choses in action held by himself or others for him and specifying the particular property which he claims as exempt under the provisions of said article, . . .' In the case of *Scanlon* v. *Guiling*, 63 Ark. 540, 39 S. W. 713, decided in 1897, Justice Riddick, speaking for the court, stated: '. . .

a defendant cannot be allowed exemptions unless they are claimed in the manner provided by statute.' Again in the case of Griffin v. *Puryear-Meyer Grocer Company*, 202 Ark. 495, 151 S. W. 2d 656, the following language is used: 'Under our statute a debtor, claiming property exempt from execution, is required to make a schedule of all his or her property including moneys, credits and choses in action specifying the particular property claimed as exempt under the constitution. . .'.''

After reviewing the constitution and statutory provisions and the early and recent cases on exemptions, we fail to see that the trial court enlarged appellee's exemption or committed error in permitting appellee to claim as exempt from garnishment personal property valued at $271.18.

Affirmed.