## C. P. CARLSON *vs.* HIRAM SMALL.

### December 2, 1884.

**Exempt Property—Replevin—Affidavit in Justice Court.**—In an action to recover exempt property in justice court, a replevin affidavit, which states in the statute language that the property in question was not taken from the plaintiff "by any process legally or properly issued against him, or, if so taken, it was exempt from seizure on such process," is not invalid on account of the retention of the alternative clause, and substantially states that the property was exempt whether taken under lawful process or not.

**Same—Complaint — Ownership.**—A complaint in such suit is sufficient which alleges generally plaintiff's ownership, etc., without stating the particulars of his title, or the levy by defendant, and the exemption of the property from seizure.

**Same— Justification under Process—Evidence.**—And if the defendant justify under process, this is matter of avoidance, and not a counterclaim; and no reply in such case being authorized in that court, plaintiff may,

upon the trial, show in rebuttal that the property taken is exempt from process.

**Same—Exclusion of Testimony Cured.**—Errors in the rejection of offers of evidence *held* cured by testimony subsequently admitted.

Replevin, in justice court for Redwood county.

The replevin affidavit, made October 2, 1883, was as follows:

[Title, etc.] "C. P. Carlson came before me personally, and, being first duly sworn, doth say that he is said plaintiff in the above-entitled cause; that said plaintiff is entitled to the immediate possession of that certain personal property to recover possession of which this suit is brought, and which is described as follows, that is to say: Eight cords of mixed wood; that the same is wrongfully detained from said plaintiff by said defendant at the county of Redwood and state aforesaid; that it was not taken by any process legally and properly issued against him, or, if so taken, it was exempt from seizure on such process; and that the actual value of the aforesaid property is forty dollars, according to the best knowledge and belief of the affiant, and further saith not." [Signature and jurat.]

The complaint is as follows: [Title] "* * * That said plaintiff is the owner and entitled to the immediate possession of that certain personal property which is described as follows, that is to say: One car-load of wood, consisting of about eight cords of mixed wood. That on or about the the 25th day of September, A. D. 1882, said defendant wrongfully and unlawfully took from said plaintiff the possession of said property, and that the same, all and singular, and the possession thereof are wrongfully and unlawfully detained from said plaintiff by said defendant at the county of Redwood in the state aforesaid. That said plaintiff has demanded and caused to be demanded of said defendant the delivery and possession thereof before the commencement of this action; but said defendant has refused and still refuses and neglects to deliver the same or any part of the same to the plaintiff; that the same is worth and of the actual value of forty dollars.

"That said property and all of the same is now, and was at all the

times herein mentioned, exempt by the laws of this state from seizure under attachment or execution issued out of any court of this state" —(concluding with averment of damage and prayer for judgment.)

The defendant appeared specially and objected to the jurisdiction of the justice because of the insufficiency of the affidavit; the objection was overruled, and he thereupon answered, pleading that he took the property, as deputy sheriff, by virtue of a writ of attachment issued by a justice of the peace of Redwood county, in an action wherein the now plaintiff was defendant, in which action a judgment was entered on October 2, 1883. He also denied that the property was exempt, and prayed for a return of the property, which had been taken under the writ of replevin and delivered to plaintiff. There was no reply.

The justice rendered judgment for the defendant, and the plaintiff appealed, on questions of law and fact, to the district court for Redwood county. A motion to dismiss for insufficiency of the replevin affidavit was denied, and the action was tried by *Webber*, J., and a jury. The plaintiff waived his claim for damages, and had a verdict that he retain possession; a new trial was refused, and the defendant appealed.

*M. M. Madigan*, for appellant.

*Redding & Laing*, for respondent.

VANDERBURGH, J. Replevin for a car-load of wood, claimed to be exempt as necessary fuel.

1. We think the informality in the replevin affidavit complained of was not fatal to the jurisdiction of the justice; and the district court, to which the case was brought by appeal upon law and fact, properly overruled the motion for a dismissal of the action. The affidavit states that the property "was not taken from him [plaintiff] by any process legally and properly issued against him, or, if so taken, that it was exempt," etc. The object of the statute (Gen. St. 1878, c. 65, § 89) seems to be to prevent the writ from issuing where the property is *in custodia legis*, save in the case of exempt property. The correct practice is to state the case accurately, which statement may be substantially in the statute language, either negativing the taking of the property under lawful process, or stating that process has been levied

thereon, and that it is exempt. But this affidavit is not void. There is no uncertainty as respects the statement that the property is exempt, whether taken under process lawfully issued or not.

2. In reference to defendant's objection to the sufficiency of the complaint, and particularly that it did not properly allege that the wood was exempt as necessary fuel for the debtor and his family, in conformity with the statute provisions, it was not necessary to set out particularly the facts touching plaintiff's title and the levy and exemption in the complaint, though we do not undertake to say that this course might not properly have been pursued. It was sufficient to allege generally plaintiff's ownership, the alleged wrongful detention, the demand, and the value. Justification under process would devolve upon the defendant in his answer, which, not constituting a counterclaim, would require no reply, and none would, in such case, be authorized in justice court. The matter of exemption, properly in rebuttal of defendant's justification, could therefore be given in evidence as it was, without being specially pleaded. *Dennis* v. *Snell*, 54 Barb. 411. That the evidence was tendered out of its natural order, which was not made a ground of objection, is not material.

3. We discover no error in the reception of the evidence in plaintiff's behalf. It tended to show that he demanded the wood at the time of the levy as exempt, and that it was exempt, as necessary fuel for himself and family; and the alleged errors of the court in rejecting certain offers of evidence during the cross-examination of plaintiff, and upon the examination in chief of defendant, were cured by evidence subsequently actually given by plaintiff, or the admissions of the defendant in the course of his examination. The evidence of defendant also tended to show that he was not influenced by the plaintiff's alleged disclaimer of the ownership of the wood. There was a case for the jury, and we see no reason for interfering with the verdict.

Order affirmed.