## SETTLES v. BOND.

EXEMPTION:   *Replevin for property claimed.*

The schedule provided for in *sec. 3006 Mansf. Dig.*, is the only legal mode of selecting and claiming property as exempt under *sec. 2, art. 9 of the Constitution;* and personal property seized under execution cannot be replevied from the officer until claimed in the manner provided by the statute.

APPEAL from *Cross* Circuit Court.
W. H. CATE, Judge.

*N. W. Norton* for appellant.

This court has recognized the right to claim exemptions by other means than schedule in *31 Ark., 652; 34 id., 111.*

Replevin in such cases is authorized by statute.   *Mansf. Dig., sec. 5572, 5th subd.;* see also *Thomp. on Homest. and Ex., secs. 876, 884; 20 Amer. Dec., p. 696, note.*

The action is generally recognized and approved.   *Wells on Replevin, secs. 248, 268, 269, 270–1; 1 Head, 17; 61 Ind., 64; 40 Miss., 49; 17 Mich., 332; 5 id., 532; 80 Ill., 556; 34 Iowa, 128.*

The argument that a schedule is the only means of selecting, is of no force when the entire possessions of the debtor

are clearly within the limit. In such cases there is nothing to select—it is all exempt. *Thomp. Homest. and Ex., sec. 833.*

*Geo. H. Sanders* and *J. D. Block* for appellee.

This court has settled the law bearing upon this question. See *28 Ark., 488; 33 id., 457; 32 id., 327; 37 id., 383; 40 id., 352.*

SMITH, J. The complaint alleges that Settles was a resident of the State and the head of a family ; that all of the personal property owned by him did not exceed in value $150; that Bond had recovered judgment against him on a debt due by contract for $17.50 and costs, and had taken out execution, which was levied on a quantity of molasses, the property of the plaintiff; and that the molasses was held by the defendant under the levy aforesaid, but was by law exempt from seizure, and a specific recovery of the same was sought.

This action was brought, two weeks after the levy, before a justice of the peace other than the justice who rendered judgment for the debt. The Circuit Court sustained a demurrer to the complaint, and the plaintiff declining to amend, dismissed his action. The grounds of demurrer were, that the justice had no jurisdiction of the subject matter of the action and that the plaintiff had filed no schedule of his property.

The rule at common law undoubtedly was that goods taken in execution were in custody of the law and could not be replevied from the officer by the defendant in the writ. *Freeman on Executions, sec. 268.* This rule, however, has been modified by the Code of Civil Practice (*Mansf. Dig., sec. 5572,* fifth clause), which is a distinct recognition of the right of the defendant in execution to recover property so seized that is by statute exempt from execution. *Note to Dunham v. Wyck-*

*hoff, 20 Amer. Dec., 696; Wells on Replevin, sec. 268; Wilson
v. McQueen, 1 Head (Tenn.), 17; Mozely v. Anderson, 40 Miss.,
49; Wilson v. Stripe, 4 G. Green (Iowa), 551; S. C., 61 Amer.
Dec., 138; Cooley v. Davis, 34 Iowa, 128; Maxon v. Perrott, 17
Mich., 332; Frost v. Mott, 34 N. Y., 253; Carlson v. Small, 32
Minn., 492.*

EXEMPTION:          The Constitution (*art. 9, sec. 2,*) exempts from sale on
Must be claim-
ed by schedule. execution, to the resident debtor who is married or the head
of a family, besides the wearing apparel of himself and family,
$500 worth of personal property, in specific articles to be se-
lected by him.   Doubtless if the Sheriff should seize any part
of such apparel, the debtor might replevy it out of his hands,
as it is all exempt.   But in the case of other chattels, there must
be a selection.   The debtor's personal property may exceed
$500 in value, or if it does not, he may waive his privilege.

Now the Constitution does not prescribe the mode of selec-
tion, but has left to the Legislature unquestioned authority to
regulate the claim and ascertainment of exempt property.
The method devised by the Legislature for this purpose is, that
the debtor shall file, in the court from which the execution
issued, a schedule of all his property, moneys, credits and
effects, specifying therein the particular property he claims as
exempt; whereupon a *supersedeas* issues, staying a sale of such
exempt property.   *Mansf. Dig., sec. 3006.*

Until the schedule is filed, the debtor has not claimed his
exemptions in the manner pointed out by law.   On the con-
trary, by neglecting to pursue his remedy, he waives his right.
*Chambers v. Perry, 47 Ark., 400,* and cases there cited.

The officer is not a trespasser, and cannot be subjected to
damages and the costs of an action, merely because he has
seized property which may turn out to be exempt.   For, until
the schedule is filed, he has no certain means of knowing what
part will be claimed, or whether any claim will be made.   The

statute provides a simple, expeditious, inexpensive and effective method for making and determining the claim; and parties must be held to it. A schedule is the only mode of selection known to our law. And an action of replevin is not available until it has been resorted to.

Affirmed.