ANDREWS *v.* BRIGGS.

4-6604                                    158 S. W. 2d 269

Opinion delivered February 2, 1942.

*Merle Shouse, John H. Shouse* and *J. Loyd Shouse,* for appellant.

*Woody Murray,* for appellee.

GRIFFIN SMITH, C. J. A justice of the peace approved an exemption schedule filed by the debtor and superseded sale on execution, such sale having been consummated to satisfy a judgment obtained by appellant. Appellee (the debtor) asserted a right to replevy and was sustained by the circuit court.

Validity of a judgment fixing appellee's liability to appellant is not questioned; nor is it alleged the sale was irregular in any respect unless, as appellee avers, the constable's right to proceed was lost when appellant received timely notice that appellee *intended* to file a schedule of claimed exemptions, included in which would be the automobile here contended for.

The sale was advertised for May 5, 1941. The agreed statement is that appellee (April 29) served notice of an intent to claim exemptions. No schedule was filed. April 30th there was a second notice. It informed appellant the schedule would be filed May 5. Appellee's attorney was present when the sale was had the day advertised and gave oral public notice of appellee's purpose to claim exemptions. The schedule was lodged with the justice of the peace soon after one o'clock—more than an hour after the sale had been concluded. Briggs is married and the head of a family.

The question is, Does naked notice of an intent to claim exemptions satisfy the law?

Act No. 3, approved February 4, 1891 (Pope's Digest, § 7188) requires, as a condition precedent to exemptions, that a debtor prepare a schedule, verified by affidavit, . . . and after giving five days' notice to the opposite party he shall file such schedule with the justice of the peace who issued the execution, ". . . and said justice . . . shall thereupon issue a supersedeas staying any sale or further proceeding under such execution. . . ." See Art. 9, § 2, constitution.

Annotations to *Philetus S. Church, Appt.,* v. *First National Bank,* 255 Mich. 595, 238 N. W. 192, published in A. L. R., vol. 82, beginning at page 648, are in point. In a case from *Alabama, In Exum* (1913; D. C.) 209 Fed. 716, 31 Am. Bankr. Rep. 691, it was said that an exemption, being personal to the bankrupt, must be asserted, or he will be deemed to have waived it; and he may assert the claimed exemption at any time before sale of the property.

In *Barnhart Bros. & Spindler* v. *Dollarhide* (1916) (Missouri App.), 186 S. W. 564, the holding is that the right of exemption from attachment is a mere personal privilege that may be waived, and the privilege will be lost unless asserted before sale under levy.

In *State* v. *Boulden* (1881) 57 Md. 314, a debtor neglected to assert his claim until the sale had begun. The opinion, in part, says: "The precise time when [exemption] and selection should be made is not specified [in the statute]. It might be said in strictness that the term 'shall be exempt from execution' requires that the debtor shall avail himself of the privilege at the time of the levy, but, if this should be regarded as too narrow a construction, it is plain that there must be some period fixed at which the claim should be made, and after which it cannot be made. . . . We therefore hold that the claim must be asserted at least before the sale has commenced, and if the debtor waits until the sale has begun, his right is gone." [1]

---

[1] There are differences between the Maryland statute construed in *State* v. *Boulden, supra,* and act 3 of 1891; but on the question of time for filing the schedule, each is silent unless we recognize the inference arising from the requirement of the act of 1891 authorizing the justice to ". . . issue a *supersedeas* staying any sale or further proceedings under such execution."

American Jurisprudence, vol. 22, § 124, summarizes that if by statute the exemption is to be selected or reserved at the time of levy or as soon thereafter as the debtor shall learn of it, he is not required to make the selection at the exact time of the levy, ". . . but may do so within a reasonable time provided he acts before the sale." But, continues the section, "When the statute allows the debtor a certain number of days after notice of levy to make and deliver a schedule of his exemptions, a levy made before the expiration of that time is not void. . . . After such levy and within the statutory period, the debtor may make and deliver his schedule."

Waples' Treatise on Homestead and Exemptions, p. 776, says: "The making of a selection, filing a schedule of property, making oath to the schedule, and doing what is essential to enable the officer to have appraisement made, are indispensable requisites to the setting apart of the exempt portion. . . ."

In *Settles* v. *Bond,* 49 Ark. 114, 4 S. W. 286, it is said that although the constitution does not prescribe the method of selecting property claimed to be exempt from execution, authority was vested in the legislature to regulate the claim. It was held that the statute (Mansfield, § 3006) required the debtor to file, in the court from which the execution issued, a schedule of all his property, ". . . . specifying therein the particular property he claims as exempt; whereupon a *supersedeas* issues, staying a sale of such exempt property. Until the schedule is filed, the debtor has not claimed his exemptions in the manner pointed out by law. On the contrary, by neglecting to pursue his remedy, he waives his right."[2]

In *Driggs' Bank* v. *Norwood,* 49 Ark. 136, 4 S. W. 448, 4 Am. St. Rep. 30, the court held that the statutory method for making the claim was exclusive. In the same opinion, construing *Settles* v. *Bond, supra,* it was said: ". . . replevin [will] not lie for the exempt property, not because it is in *custodia legis,* but because, until a schedule [has been] filed, the exemption defendant [is] not pursuing the remedy pointed out by the statute."

[2] The pertinent part of § 3006, Mansfield's Digest, is identical with § 7188, Pope's Digest.

An opinion written by Mr. Justice HUGHES [3] in 1899 contains this paragraph: ''Under our statutes a debtor claiming property to be exempt from execution, is required to make a schedule, of all his or her property, . . . and file the same with the officer issuing the execution, after giving five days' notice in writing to the opposite party.''

The applicable law referred to by Judge HUGHES was § 3006, Mansfield's Digest. Two years later that part of the statute providing how the exemption might be invoked was reënacted. Other matter not involved in this appeal was added. The following sentence appears in the Blythe-Jett (see third footnote) opinion: ''It devolved upon the appellant claiming that the property which she bought of Mrs. Harris was exempt from execution for Mrs. Harris' debts before the sale, to affirmatively show this fact.''

In *Scanlin* v. *Guiling,* 63 Ark. 540, 39 S. W. 713, Mr. Justice RIDDICK, speaking for the court, said: ''If [the appellee] was entitled to exemptions, . . . still there is nothing in the transcript . . . to show that he claimed his exemptions, and defendant cannot be allowed exemptions unless they are claimed in the manner provided by statute.''

It is our view that one who claims that his property is exempt from sale must file a written schedule with the justice of the peace who issued the execution,[4] and this must be done before sale. In the instant case the constable had a right to sell at any time within legal hours. Mere notice by the debtor that he intended to claim exemptions did not satisfy the statute. The rule is relaxed if unavoidable casualty intervenes. *Thompson* v. *Ogle,* 55 Ark. 101, 17 S. W. 593.

Judgment is reversed. The cause is remanded with directions that the *supersedeas* be quashed and that the suit to replevy be dismissed.

---

[3] *Blythe* v. *Jett,* 52 Ark. 547, 13 S. W. 137.

[4] If the execution proceeds from a court other than that of a justice of the peace, the schedule must be filed with the clerk of such court, who is authorized to issue *supersedeas.*