## Richard Lee SANFORD *v.* OTASCO, INC.

79-243                                              590 S.W. 2d 285
Supreme Court of Arkansas
Opinion delivered February 19, 1980

*James Carfano, Jr.,* for appellant.

*Baim, Baim, Gunti, Mouser & Bryant,* by: *Noel F. Bryant,* for appellee.

JOHN I. PURTLE, Justice. Appellee secured a default judgment on contract against the appellant, who was a resident head of a family, and caused a writ of garnishment to be issued directed to appellant's employer. The garnishee duly responded that certain wages were being held pending further orders of the court. Appellant filed a schedule and

claimed his total wages in the amount of $293.13 as exempt and also the balance of the $500 exemption as head of a household was selected from personal property owned by him. The court held appellant could not schedule any of his wages as part of the $500 exemption allowed by Ark. Const. Art. 9 § 2 because his schedule of personal property was in excess of $500. Appellant appeals from the ruling of the court and alleges Ark. Stat. Ann. § 30-207 (Repl. 1979) is unconstitutional and Ark. Stat. Ann. § 30-209 (Repl. 1979) allowed him to claim his wages as part of his exemption. We do not reach the constitutional question because we agree that appellant should have been allowed to schedule his wages as claimed.

The facts are not disputed. The garnishment was properly issued on the judgment. The garnishee promptly responded that certain wages were being held subject to further order of the court. Appellant then listed his wages due and the personal property owned by him. The property had an unencumbered value in excess of $800. Appellant selected his total wages in the amount of $293.13, plus his automobile valued at $200; together with a $7 equity in a lawn mower as the exemptions allowed by art. 9 § 2. The exemptions were selected using the method set out in Ark. Stat. Ann. § 30-209 (Repl. 1979).

We will first examine art. 9 § 2 which states:

> The personal property of any resident of this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure or attachment, or sale on execution, or other process from any court on debt by contract.

The constitution simply allows a person to select personal property, having a value not in excess of $500, as exempt from seizure or attachment or sale or execution. Personal property is not defined in the constitutional exemption.

We next examine Ark. Stat. Ann. § 30-209 (Repl. 1979) which reads in part as follows:

> Whenever any resident of this State shall, upon the issue against him for the collection of any debt by contract of any execution or other process, of any attachment except specific attachment against his property, desire to claim any of the exemptions provided for in Article 9 of the Constitution of this State, he shall prepare a schedule, verified by affidavit, of all his property, including moneys, rights, credits and choses in action held by himself or others for him and specifying the particular property which he claims as exempt under the provisions of said article, . . . Provided further that, if in any such schedule, it shall appear that the debtor has more property in value than is exempt by law, he shall select his exemptions, and the remainder of such property shall be subject to the levy of the execution, whether the same be included in any former schedule or not. . . .

This statute specifically refers to the procedure for scheduling exemptions mentioned in art. 9 § 2. Money is specifically mentioned as property which may be scheduled. This statute further states that when the property listed exceeds $500 the remainder of the property is subject to levy of execution or garnishment.

We also consider Ark. Stat. Ann. § 30-207 (Repl. 1979) which reads partially as follows:

> (a) The wages of all laborers and mechanics, not exceeding their wages for sixty (60) days, shall hereafter be exempt from seizure by garnishment, or other legal process. Provided that, the defendant in any case shall file with the court from which such process is issued a sworn statement that the said sixty (60) days' wages, claimed to be exempt, is less than the amount exempt to him under the Constitution of the State, and that he does not own sufficient other personal property, which, together with the said sixty (60) days' wages would exceed in amount the limits of said constitutional exemption. . . . If the claim of exemption is not valid either in

whole or in part, then the garnishment proceedings shall be stayed only as to such amount as the court may determine. . . .

Apparently, this statute intended to apply to persons who owned little, if any, personal property other than wages due for services performed. However, the statute continues and allows other property to be scheduled, provided the property and wages together do not exceed $500. Again the statute provides that property above the $500 claimed as exempt is subject to garnishment proceedings.

Both statutes and the constitution allow the debtor to select the items which he wishes to claim as exempt. We find nothing in any of these provisions which would prohibit a debtor from selecting money or wages due as part or all of his exemptions. Likewise, there is no reason why the debtor cannot schedule both money and property as exempt so long as the total does not exceed the $500 limit. We have held that laws relating to exemptions are to be liberally construed in favor of the debtor. *Pemberton* v. *Bank of Eastern Arkansas*, 173 Ark. 949, 294 S.W. 64 (1927). We have also held that funds in the hands of a garnishee are subject to being scheduled as exempt even after the funds in the hands of the garnishee have been reduced to judgment. *Blass* v. *Erber*, 65 Ark. 112, 44 S.W. 1128 (1898). The General Assembly has the power to direct the method by which exemptions should be established. *Andrews* v. *Briggs*, 203 Ark. 714, 158 S.W. 2d 269 (1942). The General Assembly has designated the method to be used for scheduling by enacting Ark. Stat. Ann. § 30-209 (Repl. 1979). It was proper for appellant to amend his schedule of exemptions. *Williams* v. *Swann*, 220 Ark. 906, 251 S.W. 2d 111 (1952).

We do not find it necessary to rule on the constitutionality of Ark. Stat. Ann. § 30-207 in view of our opinion that the appellant properly and legally claimed both money and personal property in his schedule as provided by Ark. Stat. Ann. § 30-209 and art. 9 § 2 of the constitution. Both of the above statutes clearly state that whatever the debtor has above the $500 exemption remains subject to levy, execution, garnishment or other process. Therefore, it is not necessary for the

creditor to obtain any additional writ because the writ of garnishment properly applies to any of the appellant's scheduled property above the $500 exemption.

Reversed and remanded with directions for the trial court to allow the appellant to schedule his exemptions in conformity with the reasons stated above.

Reversed and remanded.

GEORGE ROSE SMITH and HICKMAN, JJ., concur.

STROUD, J., dissents.

GEORGE ROSE SMITH, Justice, concurring. I concur in the reversal on the ground that Section 30-207 is unconstitutional in that it denies a debtor the right to claim his wages as exempt only if he does not own sufficient other property which, together with his wages, would exceed the constitutional exemption. As I read Article 9, Section 2, of the Constitution, the debtor has an absolute right to select the particular personal property, including wages, that he wishes to claim as exempt.

HICKMAN, J., joins in this concurrence.

JAMES F. STROUD, Justice, dissenting. Construing Ark. Stat. Ann. §§ 30-207 and 30-209 (Repl. 1979) liberally in favor of the debtor, I still cannot reach the conclusion that the debtor may claim all of his wages as exempt when those wages together with his other personal property exceed $500.00 in value. Ark. Stat. Ann. § 30-207 is unmistakably clear that for wages (not exceeding 60 days wages) to be exempt from garnishment or other legal process, they must not exceed the constitutional exemption when added together with the value of the other personal property of the debtor.

These two statutes must be reconciled, as they were simultaneously adopted as a part of the same act, Ark. Stat. Ann. § 30-207 being Section 1 of Act 164 of 1953, and Ark. Stat. Ann. § 30-209 being Section 2 of the same act. Ark. Stat. Ann. § 30-207 sets out the requirements for the exemption of

wages, and Ark. Stat. Ann. § 30-209 sets out a method of claiming the constitutional exemption by the filing of a schedule. The two statutes are reconcilable only if the reference in the latter statute to "moneys, rights, credits and choses in action" is construed to include wages only when the wages and other personal property of the claimant do not in the aggregate exceed $500.00. I do not believe the Arkansas General Assembly intended to repeal Section 1 of Act 164 of 1953 by the adoption of Section 2 of the same act.

This construction is not violative of Article 9, Section 2 of the Arkansas Constitution as contended by appellant. As was pointed out in *Andrews* v. *Briggs*, 203 Ark. 714, 158 S.W. 2d 269 (1942):

> . . . that although the constitution does not prescribe the method of selecting property claimed to be exempt from execution, authority was vested in the legislature to regulate the claim.

These two statutes are a valid exercise of that right by defining what personal property may be claimed as exempt, under what circumstances the property may be claimed as exempt, and how the property may be claimed as exempt.

I would affirm the trial court.