DUMBAULD, Senior District Judge.
 

 The bankruptcy court, affirmed by the District Court
 
 [1]
 
 , denied appellant a discharge because he violated 11 U.S.C. § 727(a)(2)(A), which provides in pertinent part:
 

 The court shall grant the debtor a discharge, unless—
 

 * $ $ $ * #
 

 (2) the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, ... or concealed
 

 [[Image here]]
 

 (A) property of the debtor, within one year of the filing of the petition
 

 We affirm. A brief review of appellant’s actions will demonstrate that they fall within the condemnation of this statutory language.
 

 Appellant’s bankruptcy petition was filed on January 21, 1983. The one-year period of section 727(a)(2)(A) thus began on January 21, 1982. When the petition was filed appellant was indebted to appellee bank on an unsecured note for $64,700 dated June 28, 1982, and payable on December 25, 1982.
 

 In October, 1982, appellant (himself an airline pilot and lawyer) consulted a bankruptcy lawyer in Cedar Rapids and learned that he could convert non-exempt assets into exempt assets.
 
 [2]
 
 He began such a strategy by liquidating his non-exempt assets and depositing the proceeds with the United Airlines Credit Union in Chicago and into his wife’s account in an Ames, Iowa, bank. Seeking a homestead, he and his wife bought a house at Iowa Falls on January 17, 1983 for $91,900.00, making a cash payment of over $60,000 with money transferred from the United Airlines and Ames accounts. This purchase was handled in a clandestine manner and the real estate agent was instructed not to reveal appellant’s interest in the property.
 

 Meanwhile, on December 23, 1982, defendant met with James Willmore, executive vice-president of appellee bank, to discuss the status of the note due to that institution. It had been appellant’s custom in prior dealings with the bank to pay off part of his obligation and renew the balance. The bank had complete trust and confidence in appellant and relied on his representations.
 

 At the interview with Willmore on December 23, 1982, appellant asserted his inability to make a payment, but indicated that
 
 *808
 
 soon after the first of the new year he expected to receive a fee of about $15,000 from handling probate of an estate, and could make a payment on the note from that source.
 

 It is admitted by appellant in his testimony that he lied to the bank when he claimed to be unable to make any payment on the note and that he did not disclose to the bank that $55,000 to $60,000 was subject to his disposition at that time.
 

 Accordingly it is clear that appellant in his interview with Willmore manifested an intent to hinder or delay his creditor, the bank, in collecting on the note.
 
 [3]
 

 It is likewise plain that he “transferred” his property in execution of that intent. He cashed in his non-exempt property, and deposited the proceeds and withdrew them and bought a house. The property was thus not only “transferred” (and also, one may add, “removed”) from Chicago, Illinois, and Ames, Iowa, but even transformed into a house at Iowa Falls.
 

 Similarly it does not stretch the language of the statute to hold that (besides being transferred) the property was “concealed” by these transactions. They undoubtedly appear in due course on the books of the credit union and the Ames bank; the purchase of the house is doubtless a matter of public record in the land records relating to real estate in Cedar Falls and for certain purposes is constructive notice to all the world. But concealment from the creditor alone, (here the appellee bank), is sufficient to constitute concealment under the statute when the intent to hinder and delay collection is clear, as it is in the case at bar.
 

 This analysis of the plain language of the statute is confirmed by our case law.
 

 The “clearly erroneous” standard applies to findings of fact regarding intent to hinder or delay creditors in bankruptcy cases.
 
 Lovell v. Mixon,
 
 719 F.2d 1373, 1379 (8th Cir.1983);
 
 In re Bateman
 
 646 F.2d 1220, 1225 (8th Cir.1981). Intent may be presumed from circumstances surrounding the transaction.
 
 Bateman, supra,
 
 646 F.2d at 1222-28. Application of these rules corroborates our conclusion that affirmance is appropriate.
 

 For the foregoing reasons the judgment of the District Court is
 

 AFFIRMED.
 

 [1]
 

 . The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.
 

 [2]
 

 . A debtor "may make full use of exemptions, and can even convert nonexempt property to exempt property on the eve of bankruptcy.”
 
 In re Lindberg, 735
 
 F.2d 1087, 1090 (8th Cir.1984).
 

 [3]
 

 . It is not necessary, under the wording of the statute, that intent to "defraud" be proved. Hence it is not necessary to characterize appellant’s conduct as fraudulent in order to deny his discharge in bankruptcy.