**In re Marcia Nell HOLT and Marvin Joe Holt.**

**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Appellee,**

v.

**Marcia Nell HOLT, Appellant.**

**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Appellee,**

v.

**Marvin Joe HOLT, Appellant.**

**Nos. 88–3019, HA 86–183F and HA 86–197F.**

United States District Court, W.D. Arkansas, Harrison Division.

Dec. 2, 1988.

Jill Jacoway, Jacoway Law Firm, Ltd., Fayetteville, Ark., for appellants.

Michael R. Johns, Charles W. Baker, Rose Law Firm, Little Rock, Ark., for appellee.

William R. Gibson, Trustee, Fayetteville, Ark.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

The instant appeal is taken by both the debtors, Marcia Nell Holt and Marvin Joe Holt, and the creditor, Federal Savings and Loan Insurance Corporation (FSLIC), from an opinion delivered by the Honorable Robert F. Fussell, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas, filed March 17, 1988, in the above cited cases. 84 B.R. 991. The debtors allege that the trial court erred in holding that the Arkansas exemption statute, Ark.Code Ann. § 16–66–209, incorporated into the federal bankruptcy exemption scheme at Ark.Code Ann. § 16–66–218(b)(7), does not provide an absolute exemption for all proceeds or benefits of insurance policies, but that said exemption under the Arkansas Constitution, Article 9, Section 2, is limited by the personal property ceiling of $500.00. FSLIC contends that the trial court erred in its finding that the Arkansas opt-out exemption scheme does not violate the uniformity provisions of the bankruptcy clause in the United States Constitution; that FSLIC lacked standing to challenge the constitutionality of the Arkansas exemption laws; and that the debtor's conversion of exempt assets on the eve of bankruptcy was permissible. Because FSLIC pursues a reversal of only the last alleged error, the court will consider only that objection.

The bankruptcy judge based his rulings on stipulations of fact and briefs submitted by the parties. His opinion addresses exemptions separately claimed by Marcia Nell Holt in HA 86–183F and by her son, Marvin Joe Holt, in HA 86–197F. The cases were consolidated because both petitioners were jointly liable on the same note to FSLIC and the issues are the same. Marcia Nell Holt seeks to exempt insurance proceeds due her when she filed bankruptcy. On the death of her husband, Rebern Joe Holt, October 4, 1986, Marcia Nell Holt became entitled as beneficiary of four life insurance policies to total proceeds of $290,-004.11. She filed bankruptcy on December 5, 1986. Marcia Nell Holt also claims as exempt the cash surrender value on two life insurance policies on which she is the named insured, a $10,000.00 policy purchased February 2, 1982, with a cash surrender value of $577.00, and a $116,000.00 policy purchased November 25, 1986, with a cash surrender value of $10,000.00. This latter policy was purchased, after Mrs. Holt decided to file a petition in bankruptcy, with funds from the sale of certificates of deposit. Marvin Joe Holt claims as exempt the cash surrender value of two life insurance policies on which he is the named insured. One policy, purchased December 19, 1973, has a cash surrender value of $1,400.00 and a face value of $3,515.00. The second policy, purchased June 8, 1984, has a cash surrender value of $6,000.00. Marvin Joe Holt increased the latter policy's death benefit from $100,000.00 to $200,000.00 by paying an additional premium, $6,491.88, with money from an annuity, after he had decided to file a petition in bankruptcy.

In reviewing the objections made on appeal by both parties, the court finds that the rulings of the bankruptcy court should be allowed to stand for the reasons set forth below.

■ Appellant alleges that the bankruptcy judge erred in holding that the Arkansas exemption for insurance proceeds and benefits is not "absolute" but limited by the State Constitution to $500.00.

> The personal property of any resident of this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution, or other process from any court on debt by contract.

Arkansas Constitution, Article 9, § 2.

The trial court differentiated between absolute and limited exemptions by analyzing the bankruptcy exemption scheme. The court noted that the exemptions listed under Ark.Code Ann. § 16–66–218(a) were enacted as absolute exemptions pursuant to federal law, and hence, would not be sub-

ject to the state constitutional limitations. However, under Ark.Code Ann. § 16–66–218(b), other exemptions available to non-bankruptcy debtors were incorporated into the bankruptcy scheme and made available to bankruptcy debtors. Because these latter exemptions were originally state law exemptions applying to all state debtors, the court reasoned that they are to be construed according to state law. The court found that the exemptions provided therein were available under the Arkansas Constitution and Arkansas laws.

Lacking a direct ruling on the constitutionality of the insurance exemption, the bankruptcy judge, attempting to construe the Arkansas law, found the holding in *Sanford v. Otasco, Inc.*, 268 Ark. 100, 590 S.W.2d 285 (1980), on point. In *Sanford,* the Ark.Code Ann. § 16–66–208 exemption for wages was found to be specifically limited by the constitution. The court recognized that the wage exemption statute expressly referenced the constitutional limitation, but determined that it was not necessary for the legislature to expressly limit its act by constitutional reference. The court found that under present Arkansas law, the Arkansas constitution takes precedence over statutory enactments, applied this rule of construction and found that the $500 ceiling in Article 9, Section 2, limited the exemption on life insurance proceeds. *Peugh v. Oliger,* 233 Ark. 281, 285, 345 S.W.2d 610, 613 (1961); *Smith v. Faubus,* 230 Ark. 831, 837, 327 S.W.2d 562, 566 (1959). The bankruptcy judge, under this rule of construction, found the exemption valid to the extent allowed by the constitution and answered appellants' argument that the failure of the legislature to explicitly limit the exemption by referencing to the constitutional limit indicated that the legislature intended the exemption to be absolute. This court finds that the bankruptcy judge, instead of legislating, as appellant contends, construed the legislation in an attempt to save it under the constitution. In doing so, the court allowed the act to stand only insofar as it does not offend the constitution. In so holding, the court is on firm ground. Reasoning that the Arkansas legislature *could not* allow an ex-

emption above the limit, the bankruptcy judge refused to do so.

Appellant cites this court's opinion in *In re Johnson,* 85 B.R. 518 (W.D.Ark.1987), for the proposition that the statutory language, "all moneys paid or *payable to an insured* under any insurance policy are exempt," means that "all such amounts are exempt, without limitation." *Id.* at 519. Appellant relies on language taken out of context. This court in *In re Johnson* did not address the issue posed in the instant case, but there held that exempt "proceeds" of a life insurance policy includes all amounts payable under a policy, not just death benefits. Cash surrender values were held to be exempt as "proceeds". The bankruptcy judge, in accord with the decision in *In re Johnson,* found that, in the present case, the cash surrender values claimed by the debtors could be used to make up the constitutional limitation on the personal property exemption of $500.00.

Appellant further relies on the pronouncement of public policy made by the legislature in 1933 when passing Act 102 to protect assets without which the holder might become a public charge. In drafting the liberal insurance exemption, the legislature noted that in "most instances," insurance policies constituted the "entire resources" of the holder. Appellant argues, unconvincingly, that insurance proceeds are a modern development, and therefore, subject to the more current assertions of legislative intent found in the 1933 Act. The argument assumes that the legislature disregarded the limits on its legislative authority in order to provide recognition of insurance proceeds, and ignores the basic precept that, legislative acts, although grounded in public policy, are not intended as devices to amend constitutions. Arkansas' 1874 Constitution has withstood two constitutional conventions, i.e. direct attempts to update its provisions. Indirect attempts such as plaintiff's arguments must also fail. The legislature cannot amend the constitution by passing laws in derogation of it, nor the bankruptcy court uphold legislative acts that defy the constitution. The court, therefore, affirms the

lower court's holding that the constitution limits the insurance exemption.

 FSLIC argues that the debtors' conversion of non-exempt property into exempt insurance proceeds on the eve of bankruptcy was a fraudulent act intended to defeat the claims of creditors, thus violating the Arkansas Fraudulent Conveyance Statute, Ark.Code Ann. § 4–59–204, and the Federal Fraudulent Conveyance Statute, 11 U.S.C. § 548. The practice of converting non-exempt assets into exempt assets has long been permitted under the bankruptcy code. *Forsberg v. Security State Bank of Canova*, 15 F.2d 499 (8th Cir.1926); *See generally* D. Cowans, *Cowans Bankruptcy Law and Practice*, § 8.5 (1987). Intent to conceal, hinder, delay or defraud creditors will prevent discharge. 11 U.S.C. 727(a)(2)(A)(B). Intent may be inferred from a debtor's secretive conduct. *McCormick v. Security State Bank*, 822 F.2d 806 (8th Cir.1987). In the instant case, the debtors *openly* converted the assets intending to exempt them thereby. Such actions evince an intent to take advantage of allowable exemptions. Factual findings are subject to the "clearly erroneous" standard, *In re Bateman*, 646 F.2d 1220, 1225 (8th Cir.1981). A decision is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The bankruptcy judge concluded there was no fraudulent conversion as no evidence of intent to conceal, hinder, delay or defraud creditors was presented at trial. This court cannot say that the trial court erred in failing to impute intent to the debtors, in the absence of any evidence to support the allegations of fraudulent conversion.

Accordingly, the judgment of the Bankruptcy Court is hereby affirmed.

A separate concurring order will be simultaneously issued.