**In re Keith Scott CRISWELL, Debtor.**

**Bankruptcy No. 92–40865M.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Dec. 14, 1992.

Stephen B. Bennett, Sherwood, AR, for the debtor.

Jack Waggoner, III, Little Rock, AR, for Creditor Beth Passmore.

Richard L. Ramsay, Trustee, Little Rock, AR.

### ORDER

JAMES G. MIXON, Chief Judge.

On April 1, 1992, Keith Scott Criswell (debtor), filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. The debtor claims certain personal property as exempt under 11 U.S.C. § 522(d) (1988). Lorra Beth Passmore, a creditor, objects to the debtor's listing of any exemptions other than those provided for by Ark. Const. art. IX, § 2.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (1988). The Court has jurisdiction to enter final judgment in the matter.

The United States Bankruptcy Code enumerates a list of federal bankruptcy exemptions available to a debtor. *See* 11 U.S.C. § 522(d) (1988). Subsection 522(b) allows states to decline the federal exemptions and provides bankruptcy exemptions for its citizens pursuant to its applicable state laws. 11 U.S.C. § 522(b) (1988). This provision provides as follows:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt

from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable....

11 U.S.C. § 522(b) (1988).

In 1981, the Arkansas Legislature elected to "opt-out" of the federal exemption scheme. Act of March 11, 1981, No. 419, 1981 Ark. Acts 743 (codified at Ark.Code Ann. § 16–66–217 (Michie 1987)) (repealed 1991). Section 16–66–217 (Michie 1987) prohibited Arkansas residents from using the federal exemptions provided in § 522(d), and limited the exemptions to those permitted by the Arkansas Constitution and laws of the State of Arkansas.

The Arkansas Constitution limits personal property exemptions for married individuals or heads of households to $500.00 plus their clothing. Ark. Const. art. IX, § 2. Other debtors are limited to $200.00 plus their clothing for personal property exemptions. Ark. Const. art. IX, § 1.

The 1981 Act also created a schedule of personal property exemptions applicable only in bankruptcy cases. Act of March 11, 1981, No. 419, 1981 Ark. Acts 743 (codified at Ark.Code Ann. § 16–66–218 (Michie 1987 & Supp.1991)). These exemptions were created in addition to those allowed by other Arkansas statutes and the Arkansas Constitution.

Ark.Code Ann. § 16–66–218 (Michie 1987 & Supp.1991) was challenged in *In re Holt*, 84 B.R. 991 (Bankr.W.D.Ark.1988), *aff'd*, 97 B.R. 997 (W.D.Ark.1988), *aff'd*, 894 F.2d 1005 (8th Cir.1990). The *Holt* debtors claimed an exemption in certain insurance proceeds pursuant to Ark.Code Ann. § 16–66–218(b)(7) (Michie 1987). Section 16–66–218(b)(7) incorporated Ark.Code Ann. § 16–66–209 (Michie 1987), which exempted all proceeds of life insurance from claims of creditors. In *Holt*, § 16–66–218(b)(7) permitted the debtors to exempt over $300,-000.00 rather than the $500.00 allowed by Ark. Const. art. IX, § 2. A creditor objected to the claimed exemption, arguing that the statutory exemption conflicted with the Arkansas Constitution and should be stricken as unconstitutional. The Eighth Circuit Court of Appeals agreed, and held that the Arkansas statutory exemption was unconstitutional in that it granted greater personal property exemptions than allowed by the Arkansas Constitution. *In re Holt*, 894 F.2d 1005 (8th Cir.1990). *See also In re Hudspeth*, 92 B.R. 827 (Bankr.W.D.Ark. 1988).

The Eighth Circuit's *Holt* decision prompted the Arkansas Legislature to pass Act of March 5, 1991, No. 345 (codified at Ark.Code Ann. § 16–66–217 (Michie Supp. 1991)) repealing the opt-out statute, Ark. Code Ann. § 16–66–217 (Michie 1987). This new Act gives bankruptcy debtors the option of utilizing the federal or state exemptions, and provides in part:

> Residents of this state having the right to claim exemptions in a bankruptcy proceeding pursuant to 11 U.S.C. § 522 shall have the right to elect either:
>
> (i) The property exemptions provided by the Constitution and the laws of the State of Arkansas; or
>
> (ii) The property exemptions provided by 11 U.S.C. § 522(d).

Ark.Code Ann. § 16–66–217 (Michie Supp. 1991).

■ Passmore argues that Ark.Code Ann. § 16–66–217 (Michie Supp.1991) adopts the federal exemptions as state law, and since these exemptions conflict with the Arkansas Constitution, they are unconstitutional. She also argues that a state's decision to opt-out of the federal exemption scheme under § 522(b) is irrevocable.

## I

Ark.Code Ann. § 16–66–217 (Michie Supp.1991) does not adopt the federal exemption table listed in 11 U.S.C. § 522(d)(1). When enacting Act No. 345,

the legislature intended to "give the citizens of the State of Arkansas an opportunity to enjoy the rights granted by the Federal Government...." Act of March 5, 1991, No. 345, § 6. The language in the emergency clause indicates that the legislature did not adopt the federal exemptions, but merely provided bankruptcy debtors the opportunity to choose the federal exemptions. The language of Act No. 345 granting bankruptcy debtors the option of choosing state or federal exemptions is unnecessary since 11 U.S.C. § 522(b), already provides this option. By allowing bankruptcy debtors to utilize the state or federal exemptions, the legislature did not adopt federal law, but rather, adhered to it.

■ Even if it is assumed that Passmore is correct in her assertions that § 16–66–217 (Michie Supp.1991) violates Ark. Const. art. IX, § 2, her objection cannot be sustained. Act No. 345 contains a severability clause which provides that invalidity of a portion of the Act shall not effect the other provisions. Section 1 of Act No. 345 is the provision granting Arkansas residents the option to elect between federal and state exemptions. This section alone is the alleged unconstitutional provision. This section may be excised, and the valid portions remain in effect. *Streight v. Ragland*, 280 Ark. 206, 655 S.W.2d 459, 464 (1983); *Borchert v. Scott*, 248 Ark. 1041, 460 S.W.2d 28, 37 (1970). Section 2 of the Act repeals Ark.Code Ann. § 16–66–217 (Michie 1987) which prohibited the use of the 11 U.S.C. § 522(d) exemptions. Since Arkansas law fails to prohibit the use of the federal exemptions, 11 U.S.C. § 522(b)(1) grants a choice between state exemptions and those listed in 11 U.S.C. § 522(d) (1988).

### II

■ The plain language of the 11 U.S.C. § 522(b) gives states the option of allowing or disallowing the federal exemptions, without limitation. Congress could have inserted language making the opt-out irrevocable, as it has in other statutes. For example, an election to relinquish the carryback period of net operating losses is irrevocable. 26 U.S.C. § 172(b)(3) (1988 &

Supp.1990). 11 U.S.C. § 522 contains no language suggesting that a state's decision to opt-out of the federal exemption scheme is irrevocable.

The debtor has elected to utilize the federal exemptions contained in 11 U.S.C. § 522(d) (1988) in his Chapter 7 proceeding. This election is authorized by 11 U.S.C. § 522(b)(1) (1988). Passmore has failed to demonstrate the unconstitutionality of Ark. Code Ann. § 16–66–217 (Michie Supp.1991). Passmore's objection to the claimed exemptions is overruled.

IT IS SO ORDERED.